STATE OF NORTH CAROLINA v. CHARLES T. MEWBORN

No. COA05-1127

(Filed 5 July 2006)

**1. Evidence— cross-examination—prior crimes or bad acts—prior convictions—status as drug dealer**

The trial court did not err in a trafficking in cocaine by possession, transportation, and sale case by allowing the State to cross-examine defendant about his prior convictions and his status as a drug dealer, because: (1) by defendant's own admission, N.C.G.S. § 8C-1, Rule 608 is inapplicable to the contested questioning about defendant's status as a drug dealer since it was neither a reference to a specific act nor probative of defendant's truthfulness; (2) evidence which would otherwise be inadmissible may be permissible on cross-examination to correct inaccuracies or misleading omissions in defendant's testimony or to dispel favorable inferences arising from them, and defendant's testimony on cross-examination that his 1995 conviction for possession of cocaine should have been for possession of paraphernalia tended to mislead the jury as to defendant's prior record; (3) defendant's unsolicited testimony about the search of his home seemed to imply that he was framed by the officers who recovered evidence leading to his probation revocation and second conviction, and the State did not exceed the scope of cross-examination under N.C.G.S. § 8C-1, Rule 609(a) by suggesting the

reason police officers searched defendant's home was based on the fact that they knew defendant had been convicted of selling drugs; (4) assuming arguendo the cross-examination was improper under N.C.G.S. § 8C-1, Rule 404(a), defendant failed to show he was unduly prejudiced by the State's characterization of him as a drug dealer in light of the uncontested evidence of defendant's prior drug convictions; and (5) although defendant contends *State v. Wilkerson,* 356 N.C. 418 (2002), establishes that the State's cross-examination violated Rule 404(b), the present case is distinguishable since defendant in this case testified on his own behalf.

## 2. Evidence— cross-examination—prior crimes or bad acts of witness—sexual misconduct—plain error analysis

The trial court did not commit plain error in a trafficking in cocaine by possession, transportation, and sale case by allowing the State to cross-examine a defense witness about an alleged incident of sexual misconduct under N.C.G.S. § 8C-1, Rule 608(b), because: (1) defendant failed to show the jury probably would have reached a different result had the contested cross-examination not been admitted when the witness was neither an eyewitness nor an expert; (2) the witness testified that in his lay opinion the truck in the surveillance video was not defendant's truck based on a comparison between photographs and the image of the truck appearing in a surveillance video, and the jury could have made this comparison without the witness's testimony; and (3) given the insignificance of the witness's testimony, any harm to the witness's credibility caused by the cross-examination was also insignificant and did not have a probable impact on the jury's decision.

## 3. Drugs— instruction—witness with immunity or quasi-immunity

The trial court did not abuse its discretion in a trafficking in cocaine by possession, transportation, and sale case by failing to instruct the jury regarding a police informant's testimony according to the pattern jury instruction for testimony of a witness with immunity or quasi-immunity, because: (1) although the requested instruction was correct in law, it was not supported by the evidence when no evidence was presented at trial that the informant testified under an agreement for a charge reduction or an agreement for a sentencing concession; (2) the trial court's instruction that the jury should review the informant's testimony with care

STATE v. MEWBORN

[178 N.C. App. 281 (2006)]

and caution substantively reflected the concept defendant wished to convey to the jury; (3) defendant had the opportunity to cross-examine the informant about any alleged agreement and to argue to the jury regarding the impact of any alleged agreement upon the informant's credibility; and (4) given that the jury had before it evidence of the informant's arrest, the charges pending against him, his cooperation with police, his plea agreement, and his pending sentencing hearing, defendant failed to show there was a reasonable probability that the jurors would have reached a different result if the trial court had instructed them to view the informant's testimony with great care and caution rather than with care and caution.

**4. Sentencing— no right to new sentencing hearing—defendant's exercise of right to appeal a prior matter**

The trial court in a trafficking in cocaine by possession, transportation, and sale case did not improperly base defendant's sentence on defendant's exercise of his right to appeal a prior matter when it commented that defendant should have been required to wear shirts identifying him as a convicted drug dealer as part of his probation for a prior drug conviction in front of the same judge seven years prior, because: (1) the trial court had statutory authority to impose consecutive sentences of the length given: (2) the facts of the present case reveal no intent on the part of the trial court to punish defendant for exercising his statutory right; and (3) the trial court's comment may indicate disagreement with the Court of Appeals' appellate decision to overturn the probationary condition, but it did not reveal evidence of retaliation against defendant for having exercised his right to appeal the prior sentence.

Appeal by defendant from judgment entered 17 August 2004 by Judge W. Russell Duke, Jr. in Superior Court, Pitt County. Heard in the Court of Appeals 19 April 2006.

*Attorney General Roy Cooper, by Special Deputy Attorney General Gary R. Govert, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Kelly D. Miller and Assistant Appellate Defender Daniel R. Pollitt, for defendant-appellant.*

McGEE, Judge.

Charles T. Mewborn (defendant) was convicted on 17 August 2004 of trafficking in cocaine by possession, transportation, and sale, in violation of N.C. Gen. Stat. § 90-95(h)(3). Defendant was sentenced to three consecutive prison terms of thirty-five to forty-two months. Defendant appeals.

The State's evidence at trial tended to show that in January 2003, Detective Carter Adkins (Detective Adkins) of the Pitt County Sheriff's Department arrested Willard Taylor (Taylor) for conspiracy to traffic in cocaine. Taylor told Detective Adkins he had purchased cocaine from defendant in the past, and that he could arrange to again buy cocaine from defendant. Detective Adkins instructed Taylor to arrange to buy two ounces of cocaine from defendant in the parking lot of a Food Lion on 11 February 2003.

Prior to the scheduled cocaine purchase, Detective Eddie Eubanks (Detective Eubanks) of the Lenoir County Sheriff's Department drove by defendant's home to identify any vehicles defendant might drive. Detective Eubanks saw "an older model" Ford pick-up truck parked in defendant's backyard. Detective Eubanks described the truck as being red and silver with "clearance lights on the top." At approximately 6:10 p.m. on 11 February 2003, Detectives Adkins and Eubanks met Taylor at a shop near the Food Lion. They searched Taylor and his truck and placed a repeater device in the truck to monitor Taylor's conversation during the cocaine buy. Detectives Adkins and Eubanks sat with a third detective in a surveillance van in the Food Lion parking lot about seventy-five yards from Taylor's truck. The surveillance van was equipped with a radio, a tape recorder, and a camcorder. The detectives saw a pick-up truck enter the parking lot and park next to Taylor's truck so that the drivers' doors were facing each other. Detective Eubanks described the pick-up truck as being the same Ford truck he had seen at defendant's home. The detectives did not see who was driving the pick-up truck, and they did not have independent knowledge of the voice they heard talking to Taylor through the repeater. After the pick-up truck left the Food Lion, the detectives followed Taylor to a predetermined location, searched him, and recovered a substance that was later identified as 54.5 grams of cocaine. Upon returning to the police station, Detective Adkins ran the license plate of the pick-up truck and determined it belonged to a 1989 Ford pick-up truck registered to defendant's mother. The detectives did not attempt to arrest the driver of the pick-up truck.

In May 2004, approximately fifteen months after the arranged cocaine purchase, Taylor entered into a plea agreement with the State that resolved numerous narcotics charges pending against him. In exchange for Taylor's guilty plea to one count of trafficking in cocaine by possession, the State agreed to dismiss nine other charges. At the time of defendant's trial in August 2004, Taylor had not yet been sentenced for the trafficking conviction.

At trial, defendant denied selling Taylor cocaine on 11 February 2003, or on any other date. Defendant testified he did not drive his pick-up truck on the night of 11 February 2003. Gary Pastor (Pastor), a licensed private investigator, testified he had seen defendant's truck and had viewed the surveillance video. Pastor testified that, in his opinion, defendant's truck was not the truck in the surveillance video. Pastor pointed out three differences between the two trucks: (1) the width of a stripe painted on the trucks, (2) the rims of the wheels, and (3) the truck in the video had a tailgate, which defendant's truck did not have. Danny Arnette, a mechanic who had worked on defendant's truck, corroborated Pastor's testimony that defendant's truck had no tailgate.

At the jury instruction conference, defendant requested that the trial court instruct the jury as to Taylor's testimony pursuant to North Carolina Pattern Jury Instruction 104.21, which addresses testimony of witnesses with immunity or quasi-immunity. The trial court denied defendant's request and instructed the jury pursuant to Pattern Jury Instructions 104.20 and 104.30, which address testimony of interested witnesses and informers. The jury returned verdicts of guilty on all three charges. The trial court sentenced defendant to three consecutive sentences. Defendant appeals.

[1] Defendant first argues the trial court erred by allowing the State to improperly cross-examine defendant about defendant's prior convictions and defendant's status as a drug dealer. Defendant concedes that the State's cross-examination began with permissible inquiry into defendant's prior felony convictions. However, defendant contends the State "crossed the line" into impermissible questioning during the following portion of its cross-examination of defendant:

Q [W]hat about December 8th of 1995, case 95-CRS-12911, possession of cocaine?

A . . . It wasn't a cocaine, it was a paraphernalia charge that I was on.

STATE v. MEWBORN

[178 N.C. App. 281 (2006)]

Q But you were convicted of possession of cocaine.

A That's what they put down. That was my first case[.]

. . . .

Q You received a probationary sentence, right?

A Yes, sir.

Q And then you didn't follow through with that and actually went to prison.

A No. You're wrong. I did follow through with it.

Q Well, when was it that you went to Goldsboro Correctional Center?

A When they came to my house in Winterville and searched my house for three hours, three hours tops my house, four hours for my car. Then the officer said, "Well, can I go back in the house and check again? I forgot a place to check." That's when he comes out with 2.5 grams. But you must know the whole story. That's when they—

. . . .

A Then that's when they put the charge on me that I broke the probation. But ever since then—I was going to my probation officer. . . . I ain't never try to hide nothing from nobody.

Q So you think all these people were picking on you.

A I didn't say nothing about picking. You said picking, I didn't.

. . . .

Q Because they knew you were a drug dealer, didn't they?

A That's what they said I was.

Q Your record indicates that as well, doesn't it?

A My record—

Q Possession of cocaine; possession with intent to sell and deliver cocaine; maintaining a vehicle, dwelling or place for controlled substances—

A It's the same thing. It's one case. Y'all are making it sound like it's more than—several events. It wasn't several events, it was just one event.

. . . .

Q Two events, a year apart.

A A year apart.

Q So I'm not putting them all in one, several events, it's two events.

A It's two events.

Defendant did not object at trial to the State's cross-examination. Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure states, in part, that "[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion[.]" N.C.R. App. P. 10(b)(1). Where a defendant does not object at trial, this Court's review of the issue is limited to plain error. N.C.R. App. P. 10(c)(4). "To prevail under a plain error analysis, a defendant must establish not only that the trial court committed error, but that absent the error, the jury probably would have reached a different result." *State v. Jones*, 137 N.C. App. 221, 226, 527 S.E.2d 700, 704, *disc. review denied*, 352 N.C. 153, 544 S.E.2d 235 (2000).

On appeal, defendant argues the cross-examination was improper under N.C. Gen. Stat. § 8C-1, Rules 608, 609, and 404. Rule 608(b) provides that, for the purpose of attacking or supporting a witness's credibility, "specific instances" of the conduct of a witness may be inquired into on cross-examination of the witness, so long as those specific instances concern the witness's character for truthfulness or untruthfulness. N.C. Gen. Stat. § 8C-1, Rule 608(b) (2005). Defendant argues that the State's questioning of defendant about his status as a drug dealer was neither a reference to a specific act, nor probative of defendant's truthfulness. Defendant contends, therefore, that the questioning was error under Rule 608. We agree with defendant's characterization of the State's questioning, but disagree with his contention of error. We find that, by defendant's own admission, Rule 608 is inapplicable to the contested questioning because the questioning was neither a reference to a specific act, nor probative of defendant's truthfulness. Accordingly, we find no error under Rule 608.

Under Rule 609, "[f]or the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a felony . . . shall be admitted if elicited from the witness or established by public record during cross-examination or thereafter." N.C. Gen.

Stat. § 8C-1, Rule 609(a) (2005). "The permissible scope of inquiry into prior convictions for impeachment purposes is restricted, however, to the name of the crime, the time and place of the conviction, and the punishment imposed." *State v. Lynch,* 334 N.C. 402, 409, 432 S.E.2d 349, 352 (1993). Our Supreme Court has emphasized that, under Rule 609, "it is important to remember that the only legitimate purpose for introducing evidence of past convictions is to *impeach the witness's credibility." State v. Ross,* 329 N.C. 108, 119, 405 S.E.2d 158, 165 (1991) (citation omitted).

Defendant argues that although the State was permitted under Rule 609(a) to inquire about the fact of defendant's prior convictions, the State was not permitted to call defendant a drug dealer, suggest the police investigated defendant because he was a drug dealer, or argue that defendant's prior record showed defendant was a drug dealer. However, our Supreme Court has held that "evidence which would otherwise be inadmissible [under Rule 609(a)] may be permissible on cross-examination 'to correct inaccuracies or misleading omissions in the defendant's testimony or to dispel favorable inferences arising therefrom.' " *State v. Braxton,* 352 N.C. 158, 193, 531 S.E.2d 428, 448 (2000) (quoting *Lynch,* 334 N.C. at 412, 432 S.E.2d at 354), *cert. denied,* 531 U.S. 1130, 148 L. Ed. 2d 797 (2001). We find this rule of law applicable to the present case. Here, defendant's testimony on cross-examination that his 1995 conviction for possession of cocaine should have been for possession of paraphernalia tended to mislead the jury as to defendant's prior record. Defendant's unsolicited testimony about the search of his home seemed to imply that he was framed by the officers who recovered evidence leading to his probation revocation and second conviction. Considering defendant's testimony about his prior record and the police search, we conclude the State did not exceed the scope of proper cross-examination under Rule 609(a) when, in response to defendant's testimony, the State suggested the reason police officers searched defendant's home was because they knew defendant had been convicted of selling drugs.

Defendant also argues the State's cross-examination questions violated Rule 404. Rule 404(a) provides that "[e]vidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion[.]" N.C. Gen. Stat. § 8C-1, Rule 404(a) (2005). Rule 404(b) continues:

(b) *Other crimes, wrongs, or acts.*—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a per-

son in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C. Gen. Stat. § 8C-1, Rule 404(b) (2005). Our Supreme Court has held that "such evidence must be excluded if its *only* probative value is to show that [the] defendant has the propensity or disposition to commit an offense of the nature of the crime charged." *State v. Berry*, 356 N.C. 490, 505, 573 S.E.2d 132, 143 (2002).

In *State v. McBride*, our Court held that testimony that a defendant's associates had reputations for drug use and drug dealing was inadmissible under Rule 404(a) because the only purpose of the testimony was to show that the associates acted in conformity with their reputations while with the defendant. *State v. McBride*, 173 N.C. App. 101, 104-05, 618 S.E.2d 754, 757, *disc. review denied*, 360 N.C. 179, 626 S.E.2d 835 (2005). However, our Court went on to hold that the erroneous admission of the testimony was harmless error. Our Court noted there was other admissible evidence that an associate, characterized as a drug user, had, in fact, used drugs, and there was "ample evidence" to convict the defendant without evidence of the associate's reputation for drug sales. *Id.* at 105, 618 S.E.2d 758. In the present case, defendant testified on direct examination that in February 2003 he was on probation for "selling drugs." Further, Detectives Adkins and Eubanks testified, without objection, that defendant was on probation "[f]or controlled substances" and for "selling cocaine." In light of this uncontested evidence of defendant's prior drug convictions, defendant has not shown that, assuming *arguendo* the cross-examination was improper under Rule 404(a), defendant was unduly prejudiced by the State's characterization of him as a drug dealer.

Citing *State v. Wilkerson*, 356 N.C. 418, 571 S.E.2d 583 (2002), defendant argues the State's cross-examination violated Rule 404(b). In *Wilkerson*, our Supreme Court adopted Judge Wynn's dissenting opinion *per curiam* in reversing this Court's decision. *Id.* However, *Wilkerson* is distinguishable from the present case. The 404(b) evidence at issue in *Wilkerson* was testimony of a witness, not testimony by the defendant. The defendant in *Wilkerson* did not testify at trial, and the State elicited the fact of the defendant's prior convictions through testimony of a deputy clerk of the Rockingham County Superior Court. *State v. Wilkerson*, 148 N.C. App. 310, 320, 559 S.E.2d 5, 11 (2002). Because the defendant did not testify, the State could not

use Rule 609 to elicit evidence of his prior convictions, and, Judge Wynn maintained, "the trial court committed prejudicial error in allowing [the clerk's] testimony of [the] defendant's prior convictions under Rule 404(b)." *Id.* at 319, 559 S.E.2d at 11. In the present case, defendant testified on his own behalf and, as we held above, the State's cross-examination of defendant was permissible under Rule 609. *Cf. State v. McCoy*, 174 N.C. App. 105, 110-11, 620 S.E.2d 863, 868 (2005) (holding, under *Wilkerson*, that the trial court erred in admitting the bare fact of a "non-testifying defendant's" prior conviction under Rule 404(b)). This assignment of error is overruled.

**[2]** Defendant next argues that, pursuant to Rule 608(b), the trial court should not have allowed the State to cross-examine defense witness Pastor about an alleged incident of sexual misconduct. On cross-examination, the State questioned Pastor as follows:

Q  In fact, your employment with the Greenville Police Department didn't end cordially, did it?

A  Not necessarily.

Q  In fact, you were under a sexual assault investigation, is that correct?

A  No, sir. There was no sexual assault investigation.

Q  All right. You were under investigation for some type of sexual advances, is that correct?

A  That is correct.

Our Supreme Court in *State v. Shane*, 304 N.C. 643, 285 S.E.2d 813 (1982), held that the State's cross-examination of a defendant about his resignation from a police department because of allegations of "sexual improprieties" was error because the State's questions failed to identify a particular act of misconduct, as required by Rule 608(b). *Shane* at 651, 285 S.E.2d at 818. In the present case, as in *Shane*, the State impermissibly framed its questions in terms of allegations of prior misconduct, rather than asking about a specific act of misconduct. *See id.* at 651-52, 285 S.E.2d at 818-19. However, since defendant did not object to the cross-examination of Pastor at trial, our standard of review is plain error. *See* N.C.R. App. P. 10(b)(1),(c)(4). Even assuming *arguendo* that the cross-examination of Pastor should not have been permitted, defendant has failed to show that the jury probably would have reached a different result had the contested cross-examination not been admitted. Pastor was neither an eyewitness nor

an expert. Pastor testified that, in his lay opinion, the truck in the surveillance video was not defendant's truck. This testimony was based on a comparison between photographs Pastor had recently taken of defendant's truck and the image of the truck appearing in the surveillance video. The jury could have made this comparison without Pastor's testimony. Given the insignificance of Pastor's testimony, any harm to Pastor's credibility caused by the cross-examination was also insignificant and did not have a probable impact on the jury's decision. We overrule this assignment of error.

[3] Defendant next argues the trial court erred when it did not instruct the jury regarding Taylor's testimony according to the pattern jury instruction for testimony of a witness with immunity or quasi-immunity. At the charge conference, defendant orally requested that the trial court instruct the jury pursuant to North Carolina Pattern Jury Instruction 104.21, Testimony of Witness with Immunity or Quasi-immunity. This instruction provides:

> There is evidence which tends to show that a witness was testifying [under a grant of immunity][under an agreement with the prosecutor for a charge reduction in exchange for the testimony][under an agreement with the prosecutor for a recommendation for sentence concession in exchange for the testimony]. If you find that the witness testified in whole or in part for this reason you should examine this testimony with *great care and caution* in deciding whether or not to believe it[.]

N.C.P.I.—Crim. 104.21 (2005) (emphasis added). The trial court denied defendant's request to instruct the jury pursuant to this instruction. Instead, the trial court instructed the jury on testimony of interested witnesses and informers, as follows:

> You may find that a witness is interested in the outcome of this trial. In deciding whether or not to believe such a witness, you may take that witness's interest into account.

> You may also find from the evidence that a State's witness is interested in the outcome of this case because of his activities as an informer. If so, you should examine such testimony *with care and caution* in light of that interest.

(emphasis added).

A request for special instructions to a jury must be: "(1) In writing, (2) Entitled in the cause, and (3) Signed by counsel submitting

them." N.C. Gen. Stat. § 1-181(a) (2005). "Where a requested instruction is not submitted in writing and signed pursuant to [N.C.] G.S. [§] 1-181, it is within the discretion of the [trial] court to give or refuse such instruction." *State v. Harris*, 67 N.C. App. 97, 102, 312 S.E.2d 541, 544, *disc. review denied*, 311 N.C. 307, 317 S.E.2d 905 (1984). Defendant does not contest that his request for a special instruction was made orally; accordingly, our standard of review is abuse of discretion. If we find the trial court abused its discretion, defendant is entitled to a new trial only if there is a reasonable probability that, had the abuse of discretion not occurred, a different result would have been reached at trial. *See* N.C. Gen. Stat. § 15A-1443(a) (2005). For the following reasons, we find no error warranting a new trial.

It is well settled that " 'if a request be made for a special instruction, which is correct in itself and supported by evidence, the court must give the instruction at least in substance.' " *State v. Lamb*, 321 N.C. 633, 644, 365 S.E.2d 600, 605-06 (1988) (quoting *State v. Hooker*, 243 N.C. 429, 431, 90 S.E.2d 690, 691 (1956)). In the present case, although the requested instruction was correct in law, it was not supported by the evidence. Contrary to defendant's assertions on appeal, no evidence was presented at trial that Taylor testified under an agreement for a charge reduction or an agreement for a sentencing concession. Detective Adkins testified that three of Taylor's charges were dismissed pursuant to a plea agreement with the State, but that there was no agreement between Detective Adkins and Taylor that resulted in the dismissals. Detective Adkins testified he advised Taylor that "it would look better if he . . . cooperated with the police, that way [Detective Adkins] could go to court and tell the judge that [Taylor] [had] done wrong but [also] had done things to try to help himself out[.]" At the time of defendant's trial, Taylor had not yet been sentenced for his conviction, and there was no evidence of a sentencing concession. Taylor testified that no one made promises to him in exchange for his testimony. Given the lack of evidence that Taylor had been granted immunity or quasi-immunity for his testimony against defendant, defendant has not shown that the trial court abused its discretion in denying defendant's requested special jury instruction.

Moreover, we are satisfied that the trial court's instruction that the jury should review Taylor's testimony "with care and caution," "substantively reflected the concept defendant wished to convey to the jury." *State v. Augustine*, 359 N.C. 709, 730, 616 S.E.2d 515, 530 (2005) (quotation omitted) (holding a jury instruction sufficient

STATE v. MEWBORN

[178 N.C. App. 281 (2006)]

where the defendant orally requested a special instruction as to a witness's potential habitual felon status, but the trial court instead gave a pattern instruction on interested witnesses). In addition, defendant had the opportunity to cross-examine Taylor about any alleged agreement and to argue to the jury regarding the impact of any alleged agreement upon Taylor's credibility. *See State v. Williams*, 305 N.C. 656, 676-80, 292 S.E.2d 243, 256-58, *cert. denied*, 459 U.S. 1056, 74 L. Ed. 2d 622 (1982) (finding no error where, although the trial court did not instruct on immunity or quasi-immunity, the defendant cross-examined the accomplices and argued their interest to the jury), *abrogated in part on other grounds by State v. Jones*, 146 N.C. App. 394, 399, 553 S.E.2d 79, 82 (2001). Given that the jury had before it evidence of Taylor's arrest, the charges pending against Taylor, his cooperation with police, his plea agreement, and his pending sentencing hearing, defendant has failed to show there was a reasonable probability that the jurors would have reached a different result if the trial court had instructed them to view Taylor's testimony "with great care and caution" rather than "with care and caution." This assignment of error is overruled.

**[4]** Defendant's final argument is that he is entitled to a new sentencing hearing because the trial court based its sentence on defendant's exercise of his right to appeal a prior matter. Defendant's argument hinges on a comment made by the trial court at sentencing. Seven years prior to defendant's sentencing in the present case, defendant appeared before the same trial judge and received a probationary sentence for a drug conviction. As part of his probation, defendant was required to buy and wear shirts identifying him as a convicted drug dealer. That portion of defendant's sentence was vacated by this Court in 1998. *See State v. Mewborn*, 131 N.C. App. 495, 507 S.E.2d 906 (1998) (unpublished). In the present case, before sentencing defendant, the trial court stated: "Now, you know, I'm convinced—I'm not sure those judges are, but I'm convinced that had you [worn 'drug dealer' shirts] it would've helped you stay out of business and it would've saved you from spending more time in jail." Thereafter, the trial court sentenced defendant to three consecutive sentences of thirty-five to forty-two months for each of his three trafficking convictions.

Generally, consecutive sentences within the presumptive range are presumed regular and valid. *State v. Gantt*, 161 N.C. App. 265, 271, 588 S.E.2d 893, 897 (2003). It is also well settled that a defendant cannot be punished for exercising his statutory right to appeal. *See State*

*v. Stafford,* 274 N.C. 519, 525, 164 S.E.2d 371, 375 (1968). In *State v. Boone,* 293 N.C. 702, 239 S.E.2d 459 (1977), our Supreme Court remanded for a new sentencing where it appeared from the record that the trial court stated in open court that it would give the defendant an active sentence because the defendant had pleaded not guilty. *Id.* at 712, 239 S.E.2d at 465. Our Supreme Court held that the trial court's statement "indicated that the sentence imposed was in part induced by [the] defendant's exercise of his constitutional right to plead not guilty and demand a trial by jury." *Id.* In *State v. Cannon,* 326 N.C. 37, 387 S.E.2d 450 (1990), our Supreme Court awarded a new trial to a defendant where the Court found it could "reasonably be inferred from the language of the trial [court] that the sentence was imposed at least in part because defendant . . . insisted on a trial by jury." *Id.* at 39, 387 S.E.2d at 451. The facts of *Cannon* were that, upon learning that the defendants demanded a jury trial, the trial court told counsel "in no uncertain terms" he would give them the maximum sentence if convicted. *Id.* at 38, 387 S.E.2d at 451.

In the present case, the trial court had statutory authority to impose consecutive sentences of the length given. N.C. Gen. Stat. § 90-95(h)(3) (2005) provides that a person convicted of trafficking in cocaine by possession, transportation, or sale of between 28 and 200 grams of cocaine shall be punished as a Class G felon and sentenced to a term of thirty-five to forty-two months. N.C. Gen. Stat. § 90-95(h)(6) (2005) specifies that "[s]entences imposed pursuant to this subsection shall run consecutively with and shall commence at the expiration of any sentence being served by the person sentenced hereunder." Moreover, in contrast to *Boone* and *Cannon,* the facts of the present case reveal no intent on the part of the trial court to punish defendant for exercising his statutory right. *See Cannon,* 326 N.C. at 39, 387 S.E.2d at 451; *Boone,* 293 N.C. at 712, 239 S.E.2d at 465. The trial court's comment may indicate disagreement with this Court's appellate decision, but we do not find it evidence of retaliation against defendant for having exercised his right to appeal the prior sentence. This assignment of error is overruled.

No prejudicial error.

Judges HUNTER and STEPHENS concur.