STATE OF NORTH CAROLINA
v.
CHRISTOPHER ALAN TESSNEAR.
No. COA08-256
Court of Appeals of North Carolina
Filed October 21, 2008
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Mark A. Davis, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Anne M. Gomez, for defendant-appellant.
CALABRIA, Judge.
Christopher Alan Tessnear ("defendant") appeals a judgment entered upon a jury verdict finding him guilty of first-degree murder. We find no error.
The State presented evidence that on 17 July 2006, defendant confronted his wife, Shannon Tessnear ("the victim"), about an alleged affair he believed occurred in 2005. Defendant awakened the victim and asked her to tell him about the affair. She denied the affair and defendant slapped her across the face. Defendant and the victim argued. During the argument, defendant picked up a deodorant stick and threw it at the victim. Defendant then knelt in front of the victim, picked up a gun from under the kitchen table, and held the gun parallel to the victim's head saying, "You are going to tell me." Defendant's finger was on the trigger of the gun and his thumb was on the hammer of the gun. As he let the hammer go down, the gun fired and killed the victim. Defendant called 911. Defendant told police he and the victim had been arguing and the gun accidently fired. Defendant was indicted for first-degree murder.
A trial was held on 17 September 2007 in Rutherford County Superior Court before Judge James E. Lanning. At trial, Dr. Donald Jason, who performed an autopsy on the victim, testified the bullet was fired from two to three inches from her head and was not pressed to her skin.
Marie Champion ("Champion"), the victim's mother, testified at trial that defendant and the victim experienced marital problems in the past. Champion testified that on one occassion she noticed the victim's car had bullet holes in the side. Defendant did not object to this testimony.
Defendant testified on direct examination that the couple had separated in 2001. During this separation, the victim obtained an ex parte domestic violence protective order against him. The State cross-examined defendant about the protective order, asking defendant whether the victim was untruthful when she filed her domestic violence complaint. The State also cross-examined defendant about Champion's testimony regarding the bullet holes in the side of the victim's car.
During closing arguments, the prosecution stated that defendant was not telling the truth. The prosecution also praised the sheriff's department in "figuring out . . . what actually happened." The jury returned a verdict finding defendant guilty of first-degree murder. Defendant was sentenced to life imprisonment without parole. Defendant appeals.

I. Admissibility of Evidence: Plain Error
Defendant argues the trial court erred in allowing the State to cross-examine defendant about the victim's ex parte domestic order and the bullet holes in the victim's car. Defendant did not object to the prosecutor's questions during defendant's cross-examination and asserts plain error on appeal. See N.C.R. App. P. 10(c)(4) (2007) (Questions not preserved by objection at trial or not preserved by rule or law without objection, may be the basis of an assignment of error "where the judicial action questioned is specifically and distinctly contended to amount to plain error.").
Under the plain error standard of review, the error must be a fundamental error,
so basic, so prejudicial, so lacking in its elements that justice cannot have been done, or where the error . . . amounts to a denial of a fundamental right of the accused, or the error has resulted in a miscarriage of justice or in the denial to the appellant of a fair trial or . . . the error . . . affects the fairness, integrity or public reputation of judicial proceedings.
State v. Cummings, 346 N.C. 291, 314, 488 S.E.2d 550, 563-64 (1997) (quoting State v. Odom, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (internal quotations and brackets omitted). Plain error review is to be applied only in exceptional cases and the appellate court must be convinced that absent the error the jury would have reached a different verdict. State v. Walker, 316 N.C. 33, 39, 340 S.E.2d 80, 83 (1986).

A. The Domestic Violence Protective Order (" DVPO")
Defendant argues the trial court erred in allowing the prosecution to cross-examine defendant about whether the victim "made up" facts in order to obtain DVPOs against the defendant. The relevant testimony was as follows:
Q. I believe you mentioned in your direct testimony that you had, over the course of time, you had been the recipient of a domestic violence protective order; is that correct?
A. Yes, sir.
Q. Was one of those times in 1999?
A. Yes, sir.
Q. And so if Shannon had come up here to the
courthouse in '99 and sworn before a judge that you had pointed a gun at her and said you would kill her, that wouldn't be correct?
A. No, sir.
Q. Just never happened, she just made it up here for some reason, one of her fits of anger?
A. That's right, sir.
Q. And when she came back two years later in 2001 and did the same thing and said that on December 1st of 2001 you came to the Wal-Mart parking lot threatening me and the person with me by riding up in a truck and pointing a gun at my face, that wasn't correct either, was it?
A. No, sir.
Q. Just never happened?
A. No, sir.
Q. And again, in a fit of anger she made that story up; is that correct?
A. Three weeks later, yes, sir.
Defendant contends allowing the prosecution to inquire about whether the victim lied to obtain the DVPOs was not proper impeachment under Rule 608(b) because the prosecutor did not ask about a specific instance of misconduct. Defendant also argues the questions "concerning whether [the victim] was truthful" were not proper under N.C. Rules of Evidence, Rule 404(b).
We disagree and conclude that it is not necessary to reach the substance of defendant's arguments on this issue because, even presuming arguendo the admission of evidence was in error, defendant has not proven absent the error the jury would have reached a different verdict. Walker, supra; see State v. Mewborn, 178 N.C. App. 281, 290-91, 631 S.E.2d 224, 230, review denied, 360 N.C. 652, 637 S.E.2d 187 (2006) (even if cross-examination about allegations of a sexual assault were improperly allowed, it was not plain error because the jury could have relied on other testimony to convict the defendant).
Here, there is other evidence from which the jury could infer defendant behaved violently toward the victim. Champion, the victim's mother, testified that in 1997, she saw defendant hold a shotgun to the victim's head. Champion also testified that defendant said he would kill the victim, cut her up into pieces and feed her to the couple's pet pit bulls. Stephanie Langley, a friend of the victim, testified that the victim told her defendant stomped on her foot. Lisa Brown, also a friend of the victim, testified that on 14 July 2006 (a few days before the victim's death), she visited the victim and defendant. During her visit, she noticed the victim was scared to go into her bedroom. Defendant had yelled at the victim and stated he "was wanting to f___k and that's what [the victim] was there for, and if she wasn't going to, he would get it from someone else."
Defendant asserts allowing the State's cross-examination constituted plain error because it caused the jury to doubt defendant's credibility. However, there was other evidence from which the jury could doubt defendant's credibility. In particular, defendant failed to disclose to the police that he was holding the gun near the victim's head when it fired.
Defendant also argues the questions were improper because they required speculation as to the victim's state of mind and assumed facts not in evidence: that the victim swore to judicial officials of defendant's misconduct. Even if this was in error, admission of this evidence does not amount to plain error for the reasons stated above.
Defendant also argues the questions violate the Confrontation Clause. However, this argument was not raised at the trial court level, therefore it is not preserved for appeal. "Constitutional issues not raised and passed upon at trial will not be considered for the first time on appeal, not even for plain error." State v. Gobal, 186 N.C. App. 308, 320, 651 S.E.2d 279, 287 (2007),aff'd per curiam, 362 N.C. 342, 661 S.E.2d 732 (2008) (footnote and internal citations omitted).

B. Bullet Holes
Defendant next argues the trial court committed plain error by admitting testimony that someone had shot bullet holes in the victim's car and by allowing the prosecutor to question defendant about the bullet holes.
The victim's mother testified without objection that several years ago she noticed that the victim's car had bullet holes along the side. During cross-examination by the State, defendant denied the car had any bullet holes. Defendant argues the trial court committed plain error by admitting this evidence because without evidence connecting defendant to the bullet holes, this testimony was irrelevant.
"Pursuant to North Carolina Rule of Evidence 401, relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." State v. Grant, 178 N.C. App. 565, 573, 632 S.E.2d 258, 265 (2006), review denied, 361 N.C. 223, 642 S.E.2d 712 (2007) (quoting N.C. Gen. Stat. § 8C-1, Rule 401 (2005)) (internal brackets and quotations omitted). "Although a trial court's rulings on relevancy are not discretionary and we do not review them for an abuse of discretion, we give them great deference on appeal." Id. (citing State v. Streckfuss, 171 N.C. App. 81, 88, 614 S.E.2d 323, 328 (2005)). "An individual piece of evidence need not conclusively establish a fact to be of some probative value. It need only support a logical inference of the fact's existence." State v. Payne, 328 N.C. 377, 401, 402 S.E.2d 582, 596 (1991); see also State v. Stager, 329 N.C. 278, 314, 406 S.E.2d 876, 897 (1991) (holding that "[a]ny evidence offered to shed light upon the crime charged should be admitted by the trial court.").
Here, evidence of defendant shooting at the victim's car would be relevant to show ill will between the defendant and victim. State v. Braswell, 312 N.C. 553, 561, 324 S.E.2d 241, 247 (1985) ("When a husband is charged with murdering his wife the State may introduce evidence covering the entire period of his married life to show malice, intent, and ill will toward the victim."). However, the State did not present evidence showing defendant caused the bullet holes in the victim's car. The State contends it would be reasonable for the jury to infer that defendant shot at the victim's car given defendant's other violent behavior toward the victim. We disagree. Nonetheless, even if irrelevant, defendant has not shown that admission of this evidence amounted to plain error because defendant did not show absent the error the jury would have reached a different verdict. Mewborn, supra.
The State presented other overwhelming evidence tending to show defendant intended to shoot the victim. In particular, the State presented evidence of defendant's violent behavior and threats toward the victim before the killing, as well as forensic evidence showing that the gun's safety features were functioning properly and that it would require some effort to pull the trigger, allowing the jury to infer that the shooting was not accidental. See State v. Corpening, 129 N.C. App. 60, 67, 497 S.E.2d 303, 308(1998) ("Circumstances which give rise to an inference of premeditation and deliberation are (1) conduct and statements of the defendant before and after the killing, (2) threats made against the victim by the defendant, ill will or previous difficulty between the parties, and (3) evidence that the killing was done in a brutal manner.") (internal quotations omitted) (citations omitted). We conclude defendant failed to show any prejudicial error occurred.

II. Prosecutor's Closing Argument
"The standard of review for assessing alleged improper closing arguments that fail to provoke timely objection from opposing counsel is whether the remarks were so grossly improper that the trial court committed reversible error by failing to intervene ex mero motu." State v. Jones, 355 N.C. 117, 133, 558 S.E.2d 97, 107 (2002) (citing State v. Trull, 349 N.C. 428, 451, 509 S.E.2d 178, 193 (1998)). "Counsel is permitted to argue the facts which have been presented, as well as reasonable inferences which can be drawn therefrom." State v. Williams, 317 N.C. 474, 481, 346 S.E.2d 405, 410 (1986). "In determining whether the prosecutor's argument was grossly improper, this Court must examine the argument in the context in which it was given and in light of the overall factual circumstances to which it refers." State v. Tyler, 346 N.C. 187, 205, 485 S.E.2d 599, 609 (1997).
During closing arguments, the prosecutor told the jury that defendant was not telling "the absolute truth" and that if defendant "loved his wife" he would "tell the truth." The prosecutor also suggested defendant was lying to avoid a life sentence. Defendant did not object to the State's closing argument.
Defendant argues the trial court should have intervened ex mero motu to prevent the prosecutor's remarks. In support of his argument, defendant cites State v. Smith, 279 N.C. 163, 165-67, 181 S.E.2d 458, 459-60 (1971). In Smith, the Supreme Court ordered a new trial where the prosecutor (1) claimed defendant lied about being at work the day of the crime despite evidence showing defendant was at work that day; (2) expressed personal opinions as to the defendant's guilt; and (3) said a man who committed the acts against the victim was "lower than the bone belly of a cur dog." Id.
We find Smith distinguishable from the case at bar. Here, the prosecutor discussed the contradictions between defendant's testimony and the forensic evidence in his argument to the jury. It was reasonable in this context to infer defendant was not telling the truth. While we again caution prosecutors to be circumspect in their closing argument, the prosecutor's contentions that defendant was lying were not so grossly improper to merit a new trial. See Tyler, 346 N.C. at 207-08, 485 S.E.2d at 610 (argument that the jury should reject defendant's version of events because it is not believable was not improper). Furthermore, "while it is improper for a lawyer to assert his opinion that a witness is lying, a lawyer may argue to the jury that they should not believe a witness." State v. Davis, 291 N.C. 1, 12, 229 S.E.2d 285, 293 (1976). This assignment of error is overruled.
Defendant also argues the prosecutor's comments that the sheriff's office did an admirable job of "figuring out" and determining "what happened" were grossly improper. Defendant cites State v. Allen, 353 N.C. 504, 510, 546 S.E.2d 372, 375-76 (2001). In Allen, the Supreme Court ordered a new trial where the prosecutor told the jury certain witnesses were found to be reliable by the trial judge. Id. We find Allen distinguishable since the prosecutor's comments in Allen prejudiced the jury by referring to the trial judge's opinion. Here, the prosecutor did not reference the trial judge's opinion. We conclude his comments were not so grossly improper to warrant a new trial. We find no error.

III. Indictment
Defendant also contends because the indictment did not allege the elements of premeditation and deliberation, it was insufficient for the charge of first-degree murder. The indictment read: "The jurors for the State upon their oath present that on or about the date of [the] offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously and of malice aforethought did kill and murder [the victim]."
This issue has been decided by State v. Braxton, 352 N.C. 158, 531 S.E.2d 428 (2000). The Braxton court held that the short-form indictment was constitutional because it complied with N.C. Gen. Stat. § 15-144 and referenced the homicide statute, giving defendant sufficient notice of the charge. Braxton also noted that "this Court has consistently held that indictments for murder based on the short-form indictment statute are in compliance with both the North Carolina and United States Constitutions." 352 N.C. at 174, 531 S.E.2d at 437 (citing State v. Kilpatrick, 343 N.C. 466, 472, 471 S.E.2d 624, 638 (1996) and State v. Avery, 315 N.C. 1, 12-14, 337 S.E.2d 786, 792-93 (1985)). Accordingly, we find no error.
No error.
Judges TYSON and ELMORE concur.
Report per Rule 30(e).