STATE OF NORTH CAROLINA
v.
JESSE BEARN LIEBERMAN.
No. COA08-1596.
Court of Appeals of North Carolina.
Filed September 1, 2009.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Kimberly L. Wierzel, for the State.
Jarvis John Edgerton, IV, for defendant-appellant.
ELMORE, Judge.
Defendant Jesse Lieberman appeals from the judgments entered against him after his convictions for one count each of trafficking in marijuana by possession, trafficking in marijuana by manufacture, possession of marijuana, manufacture of marijuana, and maintaining a dwelling for the unlawful keeping of marijuana. Defendant's sole argument on appeal is that the trial court abused its discretion when it denied his oral request for a special jury instruction on the statutory definition of marijuana. We find no error.
On 27 August 2007, the Alamance County grand jury returned three indictments against defendant: a two-count indictment for trafficking in marijuana by manufacture and by possession, a three-count indictment for felony possession and manufacture of marijuana, and maintaining a dwelling for the storage or sale of marijuana, and another three-count indictment for possession of marijuana, possession with intent to sell or deliver marijuana, and possession of drug paraphernalia. The case came on for trial on 2 June 2008.
The evidence at trial showed that on 19 July 2007, Alamance County Sheriff's Deputy Jackie Fortner responded to a narcotics tip. When deputies arrived at the home indicated in the tip, they could smell marijuana odor coming from inside the home. Deputies secured the home and obtained a search warrant.
When deputies searched the home, they found 97 marijuana plants, harvested marijuana in bags in a closet and a freezer, marijuana seeds, digital scales, numerous books and magazines about growing marijuana, and $2,700.00 in cash. The total weight of the seized marijuana was 7,093 grams, or between fifteen and sixteen pounds. Deputy Fortner was aware that mature stalks are excluded from the statutory definition of marijuana, and did not believe that any of the marijuana plants officers seized and weighed had reached maturity.
Deputies arrested and searched defendant when he arrived home. Deputies found glass jars and plastic bags of high-grade marijuana in defendant's backpack. Defendant claimed that he grew the marijuana for personal consumption, but acknowledged that he also allowed his friends to use it. Defendant did not see officers weigh the marijuana, but testified that, in his opinion, some of the marijuana consisted of mature stalks.
After the State rested, the prosecutor dismissed one charge relating to hashish. The trial court denied defendant's motion to dismiss the other charges after the State rested and again after the presentation of all the evidence. During the charge conference, defendant orally requested that the trial court "instruct the jury on the definition of marijuana for trafficking purposes along the lines of Statute 90-87(16), specifically telling them how the marijuana is defined and what is not included in marijuana." The trial court responded that it would instruct the jury according to the pattern instruction for the offense, and only give further instructions if the jury asked a question about the weight. After the jury charge, defendant renewed his oral request for an instruction.
The jury found defendant guilty of trafficking in marijuana by manufacturing and by possession, possession of more than 1.5 ounces of marijuana, manufacture of marijuana, and maintaining a dwelling for keeping marijuana. The trial court consolidated four of the offenses into one judgment of 25 to 30 months in prison. For the remaining conviction, for maintaining a dwelling, the trial court imposed a term of four to five months in prison, then suspended the sentence and imposed 18 months of supervised probation. Defendant appeals.
Defendant's sole argument is that the trial court abused its discretion when it denied his oral request for a special jury instruction on the statutory definition of marijuana. We disagree.
A request for special instructions must be: (1) In writing, (2) Entitled in the cause, and (3) Signed by counsel submitting them. N.C. Gen. Stat. § 1-181 (2007). "Where a requested instruction is not submitted in writing and signed pursuant to [N.C. Gen. Stat. §] 1-181 it is within the discretion of the court to give or refuse such instruction." State v. Harris, 67 N.C. App. 97, 102, 312 S.E.2d 541, 544 (1984).
Defendant does not contest that his request for a special instruction was made orally; accordingly, our standard of review is abuse of discretion. If we find the trial court abused its discretion, defendant is entitled to a new trial only if there is a reasonable probability that, had the abuse of discretion not occurred, a different result would have been reached at trial.
State v. Mewborn, 178 N.C. App. 281, 292, 631 S.E.2d 224, 231 (2006)(citing N.C. Gen. Stat. § 15A-1443(a)(2005).
"Any person who sells, manufactures, delivers, transports, or possesses in excess of 10 pounds (avoirdupois) of marijuana shall be guilty of a felony which felony shall be known as `trafficking in marijuana[.]'" N.C. Gen. Stat. § 90-95(h)(1)(2007).
N.C. Gen. Stat. § 90-87(16) defines marijuana:
"Marijuana" means all parts of the plant of the genus Cannabis, whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin, but shall not include the mature stalks of such plant, fiber produced from such stalks, oil, or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination.
N.C. Gen. Stat. § 90-87(16)(2007)(emphasis added).
Defendant bears the burden of proving that some of "the stalks were mature or that any other part of the matter or material seized did not qualify as `marijuana,' as defined by G.S. 90-87(16)." State v. Anderson, 57 N.C. App. 602, 608, 292 S.E.2d 163, 167 (1982).
Here, the trial court acted within its discretion by denying defendant's oral request for a special jury instruction. Defendant was not qualified or tendered as an expert witness, and the only evidence supporting his request for a special instruction on the definition of marijuana was his opinion regarding the maturity of his own marijuana plants. Given defendant's interest in the outcome of the proceedings, the probative value of his opinion as to the maturity of the stalks is limited. Further, the State offered evidence that deputies seized more than fifteen pounds of marijuana, five pounds more than the amount necessary for a trafficking conviction, and defendant did not specify how much of the marijuana seized and weighed by deputies had reached maturity. In fact, defendant did not see officers weigh the marijuana. Accordingly, the trial court acted within its discretion in denying defendant's oral request for a special instruction, and we find no error in defendant's conviction.
No error.
Chief Judge MARTIN and Judge BRYANT concur.
Reported per Rule 30(e).