An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1315
NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

STATE OF NORTH CAROLINA

v.

ROBERT LEE HIGGINS, JR.

Buncombe County
No. 11 CRS 63843

Appeal by Defendant from judgment entered 22 May 2013 by Judge Mark E. Powell in Buncombe County Superior Court. Heard in the Court of Appeals 23 June 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General John P. Barkley, for the State.*
>
> *Charlotte Gail Blake for Defendant.*

STEPHENS, Judge.

Defendant Robert Lee Higgins, Jr., appeals from the judgment entered upon his conviction for robbery with a dangerous weapon. We find no error.

The evidence at trial tended to show the following: On 28 September 2011, two men robbed Joshua Miller at gunpoint in his home. Miller was home alone that night using his computer, when

he heard a car drive up and noticed a light outside. Miller went outside and saw Defendant standing in front of an SUV. Defendant asked Miller about buying marijuana. Miller told Defendant that he did not sell marijuana and that Defendant must want to see his roommate, Roman Koptyukh, who was not home. Koptyukh sold drugs from the house, but Miller did not. As Miller was explaining Koptyukh's whereabouts, a passenger exited the SUV and cocked a gun. Miller noticed that Defendant also had a gun.

The two men led Miller into the house and asked where they could find drugs and money. The men threatened Miller and ransacked the house. Defendant held Miller at gunpoint and had him put items of value, such as a computer and digital cameras, in a bag. Some of the items belonged to Koptyukh, but the men also took an external hard drive, a USB drive, a cell phone, and some cash, all of which belonged to Miller. The men asked for a stuffed bear that Koptyukh used to conceal drugs. Miller gave the bear to Defendant. After the men left, Miller ran to a neighbor's house and called 911.

A jury found Defendant guilty of robbery with a dangerous weapon, and the trial court imposed a sentence of 72 to 96 months imprisonment. Defendant timely entered notice of appeal.

In Defendant's sole argument on appeal, he contends that the trial court erred by denying his request to add clarifying language to the jury instructions. Defendant's request was as follows:

> . . . [S]omehow I would like the instruction to make clear — what I'm concerned about, Your Honor, is that the jury may decide something was stolen, drugs or money, but the indictment — you know, my client is charged with stealing four very particular things, and some way to make sure that the jury is charged with and is unanimous in convicting him of stealing a USB drive, a cell phone, a hard drive, and I guess $40 in currency.
>
> I think in adding those things up, it comes to $590. I don't know how it comes to that figure, but that's what the indictment charges, and I want to make sure that the instruction and the jury sheet reflects that that's what they've charged, defining the robbery, because I think in this case in particular, there's some possibility the jury may decide what really got stolen was a stuffed animal full of drugs, which he is not charged with stealing.

The court denied Defendant's request. Defendant argues that without the clarifying instruction, the jury might have found him guilty because they believed he took the drugs but not the items alleged in the indictment. Therefore, Defendant argues, the denial of his request violated his right to a unanimous verdict. We disagree.

"The law clearly provides that where a specifically requested jury instruction is proper and supported by the evidence, the trial court must give the instruction, at least in substance." *State v. Jones*, 337 N.C. 198, 206, 446 S.E.2d 32, 36 (1994) (citation and internal quotation marks omitted). Nevertheless, our General Statutes provide that "[a]t the close of the evidence or at an earlier time directed by the judge, any party may tender written instructions." N.C. Gen. Stat. § 15A-1231(a) (2013). Our Supreme Court has held that "such requested special instructions should be submitted in writing to the trial judge at or before the jury instruction conference." *State v. Augustine*, 359 N.C. 709, 729, 616 S.E.2d 515, 530 (2005) (citation and internal quotation marks omitted), *cert. denied*, 548 U.S. 925, 165 L. Ed. 2d 988 (2006). "Where a requested instruction is not submitted in writing[,] . . . it is within the discretion of the [trial] court to give or refuse such instruction." *State v. Mewborn*, 178 N.C. App. 281, 292, 631 S.E.2d 224, 231 (citation and internal quotation marks omitted), *appeal dismissed and disc. review denied*, 360 N.C. 652, 637 S.E.2d 187 (2006). A matter left to the discretion of the trial court "will not be disturbed unless it is manifestly unsupported by reason, or so arbitrary that it could not have been the

result of a reasoned decision. A trial judge's decision only amounts to an abuse of discretion if there is no rational basis for it." *State v. Mutakbbic*, 317 N.C. 264, 273-74, 345 S.E.2d 154, 158-59 (1986) (citations and internal quotation marks omitted).

After reviewing the record, we find no abuse of discretion by the trial court. To begin, we observe that, beyond his failure to submit a written instruction, Defendant failed to articulate an actual instruction for the trial court to give. "The judge is not required to compose the words of a request for a special instruction." *State v. Wester*, 71 N.C. App. 321, 329, 322 S.E.2d 421, 425 (1984). Further, we note that the trial court read the pattern instruction on robbery with a firearm, and Miller's testimony plainly described the items taken from him, which are the same four items alleged in the indictment. In sum, we cannot say that the court's decision was manifestly without reason. Accordingly, we find

NO ERROR.

Judges HUNTER, ROBERT C., and ERVIN concur.

Report per Rule 30(e).