WAYNE D. BURRIS AND WIFE, AVANELLE O. BURRIS, FREDERICK L. JOSEPH, FRANK THOMAS, AND THOMAS A. THOMAS, JR. v. LUTHER SHUMATE AND CARL SHUMATE

No. 8523DC5

(Filed 1 October 1985)

**Trespass to Try Title § 4.1— location of property on the ground—sufficient evidence**

> In an action to enjoin the cutting of timber in which defendant claimed title to the land in question, evidence of defendant's deed and testimony by defendant, his surveyor and the son of a former owner sufficiently located the property on the ground by survey in accordance with the calls and description in defendant's deed so as to permit defendant's claim of title to be submitted to the jury.

APPEAL by defendant from *Osborne, Judge.* Judgment entered 25 July 1984 in District Court, WILKES County. Heard in the Court of Appeals 23 August 1985.

Plaintiffs instituted this action on 29 October 1982 seeking injunctive relief and damages for timber unlawfully cut from a twenty-two (22) acre tract plaintiffs alleged that they own located in Union Township. Plaintiffs secured a temporary restraining order against defendants cutting and removing timber from the land. Defendants filed answer denying plaintiffs' allegations of title. Defendants counterclaimed seeking damages for wrongful restraint of their cutting timber. Defendant Luther Shumate also counterclaimed seeking to have himself adjudged the owner of the land in question. He alleged ownership under (1) record title pursuant to G.S. 47B-2, (2) adverse possession under color of title, and (3) adverse possession for more than twenty (20) years. Plaintiffs filed reply denying all pertinent allegations of the counterclaim.

The case was tried before a jury. At the close of all the evidence the trial judge held that plaintiffs and defendant Luther Shumate established sufficient chain of title under the Marketable Title Act, but neither plaintiffs nor defendant Luther Shumate sufficiently located their property on the ground by survey in accordance with the calls and descriptions of their deeds in a manner sufficient for a jury to be able to determine the location of any of the tracts on the ground. The court granted a directed verdict for defendants against the plaintiffs' claims and a directed verdict for the plaintiffs against the defendants' claims. From the granting of the directed verdicts plaintiffs and defendant Luther Shumate appealed.

Plaintiffs failed to perfect their appeal and upon defendant's motion pursuant to Rule 13(c), N.C. Rules of Appellate Procedure, plaintiffs' appeal has been dismissed. Although plaintiffs and defendant Luther Shumate presented evidence in their effort to locate the property on the ground by survey in conformity with the descriptions in their deeds respectively, the issue of the sufficiency of plaintiffs' evidence is not before us in light of the dismissal of the plaintiffs' appeal. We therefore limit our discussion of the case as it relates only to defendant Luther Shumate's (hereinafter Shumate) appeal.

*Brewer and Freeman, by Paul W. Freeman, Jr., for defendant appellant.*

JOHNSON, Judge.

The pivotal question we must decide is whether defendant Luther Shumate presented sufficient evidence as to his counterclaim to withstand plaintiffs' motion for directed verdict. The inherent purpose of G.S. 1A-1, Rule 50(a) motion for directed verdict is to ". . . test the legal sufficiency of the evidence to take the case to the jury and to support a verdict for plaintiffs. . . ." *Wallace v. Evans*, 60 N.C. App. 145, 146, 298 S.E. 2d 193, 194 (1982). When passing on a motion for a directed verdict "the plaintiff should be given the benefit of all reasonable inferences; . . . the motion should be denied if there is a scintilla [of evidence] to support plaintiffs' prima facie case in all its constituent elements." *Wallace v. Evans, supra,* at 146, 298 S.E. 2d at 194. These principles are equally applicable to defendants' counterclaim. *See, Cutts v. Casey,* 278 N.C. 390, 180 S.E. 2d 297 (1971).

In undertaking to prove title to the land from which the timber was cut, the evidence when viewed in the light most favorable to Shumate tended to show that Shumate's surveyor located on the ground the twenty-two (22) acre tract as described in his deed. During the trial, Shumate offered his deed and testimony to show that he acquired the twenty-two (22) acre tract of land in question from Jesse Wayne who was the record owner from 1920 to defendant's acquisition.

The surveyor traced defendant's chain of title by a deed of trust that the trustee acquired through a deed executed by Catherine Loggins in 1913. In his expert opinion the poles, distances, directions and lines described in all three deeds were the same. Taking the description of the tract of land contained in these deeds the surveyor conducted his survey. In addition to using Luther Shumate's deed, the surveyor also utilized deeds from adjoining landowners. The precise offset traverse method currently used by surveyors was employed for the survey. All of the corners of the property were identified and measured. The results of the surveyor's investigation culminated in a plat drawn by the surveyor which was used to illustrate his testimony. In response to a direct question, the surveyor testified that he located the twenty-two (22) acre tract on the ground and personally observed that the timber was being cut and removed from within the boundaries of the twenty-two (22) acre tract claimed by Shumate.

Shumate elicited corroborating testimony from Leonard Wayne who was familiar with the twenty-two (22) acre tract once owned by his father, Jesse Wayne. Utilizing the plat drawn by the surveyor, Leonard Wayne testified as to the corners and boundaries of the twenty-two (22) acre tract. Similar testimony by the son of a former landowner that a surveyor's boundaries conformed with the understanding of the son has been held sufficient to show that the boundaries were as claimed. *Beal v. Dellinger,* 38 N.C. App. 732, 733, 735, 248 S.E. 2d 775, 777 (1978). In *Beal,* the court noted the futility of arguing against the credibility of the witnesses for credibility of the testimony is for the jury to decide. *Id.* When the court passes on a motion for a directed verdict, "[t]he testimony of the plaintiff's witnesses must be accepted at face value." *McCollum v. Grove Mfg. Co.,* 58 N.C. App. 283, 286, 293 S.E. 2d 632, 635 (1983). The trial judge granted a directed verdict on defendant's counterclaim for the stated reason that defendant had not sufficiently located his property on the ground by survey in accordance with the calls and descriptions of his deed in a sufficient manner for a jury to determine the location of the tract. We conclude that Shumate's evidence when viewed in the light most favorable to him was sufficient to withstand plaintiffs' motion for directed verdict, and it was for the jury to locate the boundaries. *Beal v. Dellinger, supra,* at 734, 248 S.E. 2d at 776.

We have reviewed defendant's remaining assignments of error and we find them to be without merit.

Reversed and remanded.

Judges EAGLES and PARKER concur.