JULIANNA SIMMONS HENRY, Plaintiff v. PETER AXEL KNUDSEN, Defendant

No. COA09-381

(Filed 20 April 2010)

## 1. Negligence— admissions—affirmative defense

The trial court did not err by denying plaintiff's motion for a directed verdict in a traffic accident case where plaintiff contended that defendant's admissions established defendant's negligence.

## 2. Negligence— sudden incapacitation—evidence sufficient

The trial court did not err by denying plaintiff's motion for a directed verdict at the close of all of the evidence in a car accident case in which defendant raised the affirmative defense of sudden incapacitation. Defendant's credibility was for the jury to decide.

## 3. Negligence— instructions—objections not specific

There was no error in the jury instructions given in an automobile accident case when the parties stipulated in the record that plaintiff objected to the instructions, but the transcript did not show an objection by plaintiff and the stipulation did not specify the content of the objection. Even so, the record does not contain any request for alternative instructions and the court accurately instructed the jury on the relevant law.

## 4. Negligence— sudden incapacitation—defendant's credibility

The trial court did not err by denying plaintiff's motion for judgment not withstanding the verdict and a new trial in a case arising from an automobile accident in which plaintiff raised the affirmative defense of sudden incapacitation.

Appeal by plaintiff from judgment entered 1 August 2008 and by order entered 14 November 2008 by Judge Jane P. Gray in District Court, Wake County. Heard in the Court of Appeals 30 September 2009.

*E. Gregory Stott, for plaintiff-appellant.*

*Larcade & Heiskell, PLLC, by Christopher N. Heiskell, for defendant-appellee.*

HENRY v. KNUDSEN

[203 N.C. App. 510 (2010)]

STROUD, Judge.

Julianna Simmons Henry ("plaintiff") appeals from the trial court's judgment entered consistent with the jury's verdict that plaintiff was not injured by the negligence of Peter Axel Knudsen ("defendant") and order entered denying her motions for directed verdict, judgment notwithstanding the verdict and a new trial. For the following reasons, we affirm.

## I. Background

Plaintiff's claim arose from an automobile accident which occurred on 9 February 2007. The facts regarding the accident are not in dispute. Plaintiff was driving her 2004 Mazda automobile north on Wilmington Street in Raleigh, North Carolina, and defendant was driving his 2004 Pontiac automobile east on Morgan Street. Defendant's automobile collided with plaintiff's automobile at the intersection of Wilmington Street and Morgan Street. Plaintiff was injured as a result of the accident.

Plaintiff filed a complaint on 2 March 2007 alleging that defendant was negligently operating his automobile when he collided with plaintiff's automobile, and that his negligence was the proximate cause of plaintiff's injuries. On 2 May 2007, defendant filed an answer denying negligence and asserting the defense of "sudden incapacitation[,] . . . which was unforeseeable and theretofore unknown to the defendant and as a result the defendant was unable to control the motor vehicle he was operating." Plaintiff subsequently served requests for admission on defendant. On 20 February 2008, defendant filed responses to plaintiff's request for admissions.

The case was tried before a jury in District Court, Wake County on 14 July 2008. At the close of plaintiff's evidence and at the close of all evidence, plaintiff made motions for directed verdicts on the issue of defendant's negligence and proximate causation. The trial court denied both motions. On 15 July 2008, a jury found that plaintiff was not injured by the negligence of defendant. On 1 August 2008, the trial court entered judgment consistent with the jury's verdict. On 15 August 2008, plaintiff filed a motion for judgment notwithstanding the verdict and for a new trial. By order dated 14 November 2008, the trial court denied plaintiff's motion for judgment notwithstanding the verdict and a new trial. On 17 November 2008, plaintiff filed timely notice of appeal to this Court.

## II. Plaintiff's Motions for Directed Verdict

**[1]** Plaintiff first contends that "defendant through his responses to the plaintiff's Requests For Admissions established that he was negligent as a matter of law, that the plaintiff was injured and that the automobile accident caused those injuries." Plaintiff argues that since these admissions were admitted into evidence and establish the negligence of defendant, the trial court erred in denying plaintiff's motion for directed verdict.

> The standard of review of directed verdict is whether the evidence, taken in the light most favorable to the non-moving party, is sufficient as a matter of law to be submitted to the jury. When determining the correctness of the denial for directed verdict or judgment notwithstanding the verdict, the question is whether there is sufficient evidence to sustain a jury verdict in the non-moving party's favor, or to present a question for the jury.

*Davis v. Dennis Lilly Co.*, 330 N.C. 314, 322-23, 411 S.E.2d 133, 138 (1991) (citations omitted). "[A] directed verdict . . . may be entered in favor of the party with the burden of proof 'where credibility is manifest as a matter of law.' " *Smith v. Price*, 315 N.C. 523, 527, 340 S.E.2d 408, 411 (1986) (quoting *Bank v. Burnette*, 297 N.C. 524, 536, 256 S.E.2d 388, 395 (1979)). "However, in order to justify granting a motion for a directed verdict in favor of the party with the burden of proof, the evidence must so clearly establish the fact in issue that no reasonable inferences to the contrary can be drawn." *Murdock v. Ratliff*, 310 N.C. 652, 659, 314 S.E.2d 518, 522 (1984) (citing *Burnette*, 297 N.C. at 536, 256 S.E.2d at 395.). In *Burnette*, our Supreme Court listed three recurrent situations where credibility of a movant's evidence is "manifest" as a matter of law:

> (1) Where [a] non-movant establishes proponent's case by admitting the truth of the basic facts upon which the claim of proponent rests.

> (2) Where the controlling evidence is documentary and non-movant does not deny the authenticity or correctness of the documents.

> (3) Where there are only latent doubts as to the credibility of oral testimony and the opposing party has failed to point to specific areas of impeachment and contradiction.

. . .

[W]hile credibility is generally for the jury, courts set the outer limits of it by preliminarily determining whether the jury is at liberty to disbelieve the evidence presented by movant. Needless to say, the instances where credibility is manifest will be rare, and courts should exercise restraint in removing the issue of credibility from the jury.

297 N.C. at 537-38, 256 S.E.2d at 396 (citations and quotation marks omitted). "[I]f there is conflicting testimony that permits different inferences, one of which is favorable to the non-moving party, a directed verdict in favor of the party with the burden of proof is improper." *United Lab. v. Kuykendall*, 322 N.C. 643, 662, 370 S.E.2d 375, 387 (1988). To establish a *prima facie* case for negligence, a plaintiff must show the following essential elements: "(1) defendant owed plaintiff a duty of reasonable care; (2) defendant breached that duty; (3) defendant's breach was an actual and proximate cause of plaintiff's injury; and (4) plaintiff suffered damages as the result of defendant's breach." *Winters v. Lee*, 115 N.C. App. 692, 694, 446 S.E.2d 123, 124 (citation omitted), *disc. review denied*, 338 N.C. 671, 453 S.E.2d 186 (1994).

At trial, plaintiff made a motion for directed verdict at the close of plaintiff's evidence, arguing that defendant's admissions established that plaintiff was negligent. In her brief, plaintiff contends that the following admissions by defendant establish negligence on the part of defendant:

3. The plaintiff was operating her vehicle in a careful and prudent manner and at a reasonable rate of speed for the conditions then and there existing.

RESPONSE: Admitted.

4. That as the plaintiff drove the vehicle, which she was operating, into the intersection of Wilmington Street and Morgan Street, the defendant, Peter Axel Knudsen, failed to stop his vehicle for a traffic signal, which was emitting a steady red light in his direction of travel, and thereafter drove his vehicle into the side of the plaintiff's vehicle.

RESPONSE: Admitted.

. . .

7. That the plaintiff, Julianna Simmons Henry, was injured in the aforesaid automobile accident on February 9th, 2007.

RESPONSE: It is admitted that Plaintiff suffered some degree of injury.

. . .

16. That as a proximate cause of the aforedescribed accident the plaintiff was required to obtain ambulance service from Wake County E.M.S.

RESPONSE: Admitted.

   a) That Exhibit A attached hereto is an accurate copy of the ambulance call report prepared by the ambulance service.

   RESPONSE: Admitted.

   b) That Exhibit B attached hereto is an accurate copy of the bill submitted to plaintiff for the aforesaid ambulance service.

   RESPONSE: Admitted.

   c) That the aforesaid ambulance bill was incurred as a result of the aforedescribed collision.

   RESPONSE: Admitted.

   d) That the aforesaid collision was a proximate cause of plaintiff incurring the aforesaid ambulance bill.

   RESPONSE: Admitted.

. . .

17. That as a proximate cause of the aforedescribed accident the plaintiff was required to seek medical attention at WakeMed Emergency Room in order to obtain treatment of the injuries sustained.

RESPONSE: Admitted.

. . .

19. That a copy of the bill from WakeMed, which is attach (sic) hereto as Exhibit C, is a true and accurate copy of the bill received by the plaintiff from the said hospital on or about the date of the accident.

RESPONSE: Admitted.

20. That the bill, which is attached hereto as Exhibit D from Wake Emergency Physicians, is a true and accurate copy of

the bill received by the plaintiff from the emergency room doctor on or about the date of the accident.

RESPONSE: Admitted.

21. That the bill, which is attached hereto as Exhibit E from Wake Radiology, is a true and accurate copy of the bill received by the plaintiff from the said radiologist on or about the date of the accident.

RESPONSE: Admitted.

22. That Exhibits C, D and E are true and accurate copies of bills received by the plaintiff which bills were incurred as a result of the aforedescribed collision.

RESPONSE: Admitted.

. . .

24. That these costs were incurred as a proximate cause of the collision between the plaintiff, Julianna Simmons Henry, and the defendant Peter Axel Knudsen.

RESPONSE: Admitted.

25. That the aforesaid bills (Exhibits C, D and E) may be admitted into evidence without the necessity of subpoening witnesses from the hospital and radiologist.

RESPONSE: Admitted.

Viewing defendant's responses to plaintiff's request for admissions in the light most favorable to defendant, *Davis*, 330 N.C. at 322, 411 S.E.2d at 138, defendant makes no admission of negligence. Defendant's admissions establish that: 1. there was an collision between plaintiff's and defendant's automobiles; 2. plaintiff was not driving in a negligent manner; 3. plaintiff was injured in the collision; 4. plaintiff received medical treatment and incurred medical bills as a result of that treatment. *See Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 68, 414 S.E.2d 339, 345 (1992) ("[N]egligence is not presumed from the mere fact of injury."). Although Admission No. 24 states that the medical costs were proximately caused by the collision, defendant did not admit *his negligence* was a proximate cause of the collision or of plaintiff's injuries. *See Winters*, 115 N.C. App. at 694, 446 S.E.2d at 124. Actually, defendant repeatedly denied that he was negligent in his responses to the request for admissions:

HENRY v. KNUDSEN

[203 N.C. App. 510 (2010)]

8. That the defendant's, Peter Axel Knudsen, negligence on such occasion was the proximate cause of plaintiff's injuries.

RESPONSE: Denied.

9. That the defendant's negligence on such occasion was [the] proximate cause of the plaintiff's injuries and damages.

RESPONSE: Denied.

. . .

18. That the negligence of the said defendant at the aforesaid time and place was a proximate cause of plaintiff having to seek the medical attention referred to in request for admission number 17.

RESPONSE: Denied.

. . .

23. That the aforesaid bills were incurred as a result of the negligence of the defendant.

RESPONSE: Denied.

These responses to the requests for admissions by defendant clearly contradict plaintiff's assertion that defendant admitted that his negligence proximately caused plaintiff's injuries.

Defendant's responses to plaintiff's request for admissions further show that defendant never denied the existence of facts supporting his affirmative defense of sudden incapacition and never made an admission that all the facts alleged in plaintiff's complaint were true:

27. That there are no facts upon which the defendant, Peter Axel Knudsen, relies as a basis for any defense as to plaintiff's allegations of negligence in this action.

RESPONSE: Denied.

28. That there are no documents, writings, letters, records or papers of any sort upon which the defendant, Peter Axel Knudsen, intends to utilize as evidence of or a basis for any defense in this action.

RESPONSE: Denied.

29. That there are no facts upon which the defendant, Peter Axel Knudsen, relies as a basis for his allegations that he

was stricken with a "sudden incapacitation and a sudden emergency".

RESPONSE: Denied.

30. That there are no documents, writings, letters, records or papers of any sort upon which the defendant, Peter Axel Knudsen, intends to utilize as evidence of or a basis upon which the defendant, Peter Axel Knudsen, relies to support his allegations that he was stricken with a "sudden incapacitation and a sudden emergency".

RESPONSE: Denied.

31. Every statement or allegation contained in the plaintiff's Complaint is true and correct.

RESPONSE: Denied.

As defendant's responses did not admit negligence or proximate causation, he did not admit "the truth of the basic facts upon which the claim of [plaintiff] rests" and, thus, the credibility of plaintiff's evidence is not established as a matter of law. *Burnette*, 297 N.C. at 537-38, 256 S.E.2d at 396. As to the other methods enumerated in *Burnette* for plaintiff to establish the credibility of her evidence as a matter of law, plaintiff fails to point us to any "controlling" documentary evidence that defendant did not challenge or instances where defendant failed to contradict oral testimony offered by plaintiff's witnesses. *Id.* In addition, it would have been inappropriate for the trial court to grant plaintiff's motion for a directed verdict at the close of plaintiff's evidence where the defendant had raised an affirmative defense of sudden incapacitation without giving the defendant an opportunity to present evidence supporting his affirmative defense. Therefore, we are not persuaded by plaintiff's argument.

[2] Plaintiff also made a motion for directed verdict at the close of all evidence. When a defendant raises an affirmative defense, such as sudden incapacitation, "a motion for directed verdict is properly granted against the defendant where the defendant fails to present more than a scintilla of evidence in support of each element of his defense." *Snead v. Holloman*, 101 N.C. App. 462, 464, 400 S.E.2d 91, 92 (1991).

The elements of the affirmative defense of sudden incapacitation are "as follows: (i) the defendant was stricken by a sudden incapacitation, (ii) this incapacitation was unforeseeable to the defendant,

(iii) the defendant was unable to control the vehicle as a result of this incapacitation, and (iv) this sudden incapacitation caused the accident." *Word v. Jones ex rel. Moore*, 350 N.C. 557, 562, 516 S.E.2d 144, 147 (1999) (citation omitted).

Here the record shows that defendant presented evidence to support the elements of sudden incapacitation. Defendant testified that in 1989 he had a massive heart attack and underwent bypass surgery. About 2000 or 2001, defendant had another heart attack and had four stents put into his heart by his treating physician. In 2005, because of problems with his heart, defendant had open heart surgery and was given a mechanical heart valve and a pacemaker. Defendant testified that these treatments left him with congestive heart failure. Despite his heart problems, defendant was given the authority to operate a motor vehicle by the Division of Motor Vehicles based upon a recommendation by his treating physician. Defendant testified that prior to 9 February 2007, he had not had any episodes of sudden onset of chest pain like the one he experienced that day or any loss of consciousness while driving.

On the day of the accident, defendant testified that moments before the collision he had an "unbelievable" and "awful pain" in his chest, but before he could reach his nitroglycerin tablets he "blacked out." Defendant testified that the next thing he remembered was "a bang." Defendant testified that he regained consciousness, was able to place a nitroglycerin tablet under his tongue, and "in about a minute the [chest] pain started to subside[.]" Plaintiff argues that defendant's claim of sudden onset of pain and loss of consciousness is not credible, based upon his failure to report these problems to emergency medical personnel who responded to the accident. However, defendant's credibility was for the jury to decide. *See Burris v. Shumate*, 77 N.C. App. 209, 212, 334 S.E.2d 514, 516 (1985) ("[C]redibility of the testimony is for the jury to decide."). Taken in the light most favorable to defendant, the above evidence establishes "more than a scintilla of evidence in support of each element of his defense[,]" *Snead*, 101 N.C. App. at 464, 400 S.E.2d at 92, and the trial court properly denied plaintiff's motion for a directed verdict at the end of all evidence.

### III. Jury Instructions

[3] Next plaintiff contends that the "instructions of law given by the trial court were erroneous and contrary to the law and the evidence." In the record on appeal, the parties stipulated that plaintiff objected

to the trial court's jury instructions. Despite this stipulation, the portions of the trial transcript included in the record on appeal does not show any objection by plaintiff to the jury instructions. Because the objection is not included in the transcript, and because the stipulation in the record does not specify the content of plaintiff's objection, we are unable to determine the nature of plaintiff's objection at trial or what alternative instructions, if any, plaintiff requested that the trial court give to the jury. "A party may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection[.]" N.C.R. App. P. 10(b)(2). Plaintiff argues in her brief that at trial she specifically objected to defendant's request for N.C.P.I. Civil—102.10, 102.11, 102.12 and 102.19, and that she renewed her objections after the trial court concluded giving instructions to the jury. Even if we assume that plaintiff did make these specific objections, the record does not contain any request by plaintiff for alternative instructions or any indication of the argument plaintiff made, if any, as to why these pattern instructions are in error or should not be used in this case. *See State v. Hood,* 332 N.C. 611, 617, 422 S.E.2d 679, 682 (1992) (holding that a party's request for a jury instruction at the charge conference is sufficient compliance with N.C.R. App. P. 10(b)(2) to warrant full review on appeal). Further, this Court has held that "the preferred method of jury instruction is the use of the approved guidelines of the North Carolina Pattern Jury Instructions." *In re Will of Leonard,* 71 N.C. App. 714, 717, 323 S.E.2d 377, 379 (1984) (citation omitted). "Jury instructions in accord with a previously approved pattern jury instruction provide the jury with an understandable explanation of the law." *Carrington v. Emory,* 179 N.C. App. 827, 829, 635 S.E.2d 532, 534 (2006) (citation omitted). A thorough review of the trial transcript reveals that the trial court accurately instructed the jury on the relevant law of negligence, sudden incapacitation, and proximate causation pursuant to the pattern jury instructions. Therefore, we are not persuaded by plaintiff's argument.

IV. Entry of Judgment, Judgment Notwithstanding the Verdict and New Trial

**[4]** Finally plaintiff contends that the trial court erred in its entry of judgment for defendant and in denying plaintiff's motion for judgment notwithstanding the verdict and a new trial. Plaintiff further contends that "[i]t was an abuse of discretion on the part of the trial judge not to set aside the jury's verdict."

The power of the court to set aside the verdict as a matter of discretion has always been inherent, and is necessary to the proper administration of justice. The trial judge is vested with the discretionary authority to set aside a verdict and order a new trial whenever in his opinion the verdict is contrary to the greater weight of the credible testimony. Since such a motion requires his appraisal of the testimony, it necessarily invokes the exercise of his discretion. It raises no question of law, and his ruling thereon is irreviewable in the absence of manifest abuse of discretion.

*Britt v. Allen,* 291 N.C. 630, 634-35, 231 S.E.2d 607, 611 (1977) (citation and quotation marks omitted).

"A motion for judgment notwithstanding the verdict is essentially a renewal of an earlier motion for directed verdict." *Hodgson Constr., Inc. v. Howard,* 187 N.C. App. 408, 411, 654 S.E.2d 7, 10 (2007) (citation and quotation marks omitted), *disc. review denied,* 362 N.C. 509, 668 S.E.2d 28 (2008).

'When a judge decides that a directed verdict [or JNOV] is appropriate, actually he is deciding that the question has become one exclusively of law and that the jury has no function to serve.' However, 'a genuine issue of fact must be tried by a jury unless this right is waived.'

*Id.* at 411, 654 S.E.2d at 10-11 (quoting N.C. Gen. Stat. § 1A-1, Rule 50, (comments) and *In re Will of Jarvis,* 334 N.C. 140, 143, 430 S.E.2d 922, 923 (1993)).

Here, in support of plaintiff's argument that the trial court erred in denying her motion for judgment notwithstanding the verdict, not setting aside the jury's verdict, and not granting her a new trial, plaintiff again argues that defendant's testimony at trial was not credible. Our appellant courts have consistently held that "[i]t is the jury's function to weigh the evidence and to determine the credibility of witnesses." *Anderson v. Hollifield,* 345 N.C. 480, 483, 480 S.E.2d 661, 664 (1997); *see Horne v. Vassey,* 157 N.C. App. 681, 687, 579 S.E.2d 924, 928 (2003) ("[A]s the finder of fact, the jury is entitled to draw its own conclusions about the credibility of the witnesses and the weight to accord the evidence." (quotation marks omitted)). As plaintiff points out, the trial court was not presented with a question "exclusively of law [so] that the jury [had] no function to serve[;]" there were genuine issues of material fact, primarily the credibility of the witnesses' oral testimony, that justify the trial court's decision to send this case to the jury. *Howard,* 187 N.C. App. at 411, 654 S.E.2d at

10-11. Further, a thorough review of the evidence presented at trial by both plaintiff and defendant shows that there was sufficient evidence to justify the jury's verdict. Therefore, we are not persuaded by plaintiff's argument and hold that the trial court did not err in its entry of judgment and denial of plaintiff's motion for judgment notwithstanding the verdict and a new trial.

### V.  Conclusion

For the foregoing reasons, we affirm the trial court's judgment in favor of defendant and denial of plaintiff's motions for directed verdict, judgment notwithstanding the verdict and for a new trial.

AFFIRM.

Judges GEER and ERVIN concur.