An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-823

NORTH CAROLINA COURT OF APPEALS

Filed: 3 February 2015

JERRY WILSON and wife, DORIS WILSON,

    Plaintiffs,

    v.

CONLEYS CREEK LIMITED PARTNERSHIP, a North Carolina Limited Partnership, and MICHAEL CORNBLUM,

    Defendants.

Jackson County
No. 12 CVS 196

Appeal by defendants from judgment entered 4 October 2013 by Judge Edwin G. Wilson, Jr. in Jackson County Superior Court. Heard in the Court of Appeals 7 January 2015.

> *Frank G. Queen, PLLC, by Frank G. Queen, for plaintiff-appellees.*
>
> *Shanahan Law Group, PLLC, by John E. Branch, III, and Brandon S. Neuman, for defendant-appellants.*

STEELMAN, Judge.

Where the trial court's jury issues conformed to the North Carolina Pattern Jury Instructions, and were sufficiently comprehensive to resolve all factual controversies and to enable

the trial court to enter judgment fully determining the cause, the trial court did not err in declining to submit defendants' proposed issues to the jury. Where defendants failed to make arguments on the proposed instruction on breach by non-performance, appellate review of that issue has been waived. Where there was no evidence in the record to support the proposed instruction on prevention of performance, the trial court did not err in declining to submit that instruction to the jury. Where there was evidence in the record that tended to show that a substantial amount of work would need to be undone, the trial court erred in declining to give defendants' proposed instruction on the alternate valuation of damages. Where defendants failed to sufficiently demonstrate that this error prejudiced a substantial right, such error is harmless.

## I. Factual and Procedural Background

On 12 May 2008, Jerry and Doris Wilson (plaintiffs) and Conleys Creek Limited Partnership (Conleys Creek), through Conleys Creek president Michael Cornblum (Cornblum), entered into a contract, wherein Conleys Creek would construct plaintiffs' home. The home was built, and plaintiffs took occupancy on 11 September 2009.

On 26 March 2012, plaintiffs filed a complaint against Conleys Creek and Cornblum (collectively, defendants), alleging breach of contract, breach of warranties, and negligence. On 25 May 2012, defendants filed their answer.

On 17 September 2013, the matter came on for trial before Judge Wilson and a jury. During the jury charge conference, defendants proposed issues to be submitted to the jury, and made requests for jury instructions. The trial court declined to submit defendants' requested jury issues and jury instructions to the jury.[1] Defendants objected.

On 24 September 2013, the jury returned a verdict finding that there was a warranty of workmanlike quality for the Wilson home, that the warranty was breached, and that plaintiffs were entitled to recover the sum of $200,000 as damages from defendants. The trial court entered judgment on this verdict on 4 October 2013.

Defendants appeal.

## II. Requested Jury Issues

---

[1] The trial court declined to instruct the jury on plaintiff's theory of negligence, holding that the evidence presented was insufficient.

In their first argument, defendants contend that the trial court erred in refusing to submit their requested jury issues to the jury. We disagree.

## A. Standard of Review

"[T]he trial court has wide discretion in presenting the issues to the jury and no abuse of discretion will be found where the issues are 'sufficiently comprehensive to resolve all factual controversies and to enable the court to render judgment fully determining the cause.'" *Murrow v. Daniels*, 321 N.C. 494, 499-500, 364 S.E.2d 392, 396 (1988) (quoting *Chalmers v. Womack*, 269 N.C. 433, 435-36, 152 S.E.2d 505, 507 (1967)).

## B. Analysis

In plaintiffs' complaint, plaintiffs alleged 32 separate categories of alleged defects in defendants' work on their home. Plaintiffs raised an additional category of defects in their responses to defendants' first set of interrogatories. In their requested jury issues, defendants requested that the court submit to the jury five issues with respect to each of the 33 alleged defects. The trial court declined to submit defendants' requested issues, and defendants duly objected. On appeal, defendants contend that the trial court erred in not submitting their requested issues to the jury.

On the issue of breach of warranty of workmanlike quality, the trial court instructed the jury as follows:

> The second issue reads: Did the defendants breach the implied warranty of workmanlike quality? You will answer this issue only if you have answered the first issue yes in favor of the plaintiff. On this issue the burden of proof is on the plaintiff. This means the plaintiff must prove by the greater weight of the evidence that the defendant breached the implied and/or express warranty of workmanlike quality. A breach occurs if the dwelling is not constructed sufficiently free of major structural defects and/or not constructed in a workmanlike manner so that it meets the standard of workmanlike quality then prevailing at the time and place of construction. Workmanlike manner means work done with the ordinary care customarily used by skilled workmen under the same or similar circumstances.
>
> So as to this second issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the defendant breached the implied and/or express warranty of workmanlike quality, then it would be your duty to answer this issue yes in favor of the defendant. If, on the other hand, you fail to so find, it would be your duty to answer this issue no in favor of the defendant.

The language of this instruction comported with the North Carolina Pattern Jury Instruction on implied warranties in the sale of dwellings. N.C.P.I. Civil 747.20.

The factual issues to be resolved by the jury were (1) whether there was a warranty of workmanlike quality; (2) if so, whether defendants breached that warranty; and (3) if so, what amount were plaintiffs entitled to recover as monetary damages. The trial court had broad discretion in submitting these issues to the jury, provided that its instructions were "sufficiently comprehensive to resolve all factual controversies and to enable the court to render judgment fully determining the cause." We have previously held that, where the trial court provides the jury with the Pattern Jury Instructions, it "provide[s] the jury with an understandable explanation of the law." *Henry v. Knudsen*, 203 N.C. App. 510, 519, 692 S.E.2d 878, 884 (2010) (citation omitted).

The trial court's issues were "sufficiently comprehensive to resolve all factual controversies and to enable the court to render judgment fully determining the cause[,]" and we hold that it did not err in declining to submit defendants' proposed issues to the jury.

This argument is without merit.

### III. Requested Jury Instructions

In their second argument, defendants contend that the trial court erred in refusing to submit their requested jury instructions to the jury. We disagree.

## A. Standard of Review

"When reviewing the refusal of a trial court to give certain instructions requested by a party to the jury, this Court must decide whether the evidence presented at trial was sufficient to support a reasonable inference by the jury of the elements of the claim. If the instruction is supported by such evidence, the trial court's failure to give the instruction is reversible error." *Ellison v. Gambill Oil Co.*, 186 N.C. App. 167, 169, 650 S.E.2d 819, 821 (2007) (citations omitted), *aff'd per curiam and disc. review improvidently allowed*, 363 N.C. 364, 677 S.E.2d 452 (2009).

"No error in either the admission or exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action amounts to the denial of a substantial right." N.C. R. Civ. P. 61.

## B. Analysis

Defendants made specific written requests for jury instructions, requesting instructions on breach by non-performance (N.C.P.I. Civil 502.00), the defense of prevention by plaintiff (N.C.P.I. Civil 502.20), and an additional instruction on the measure of damages (N.C.P.I. Civil 503.21). Defendants also requested additional language be added to the prevention instruction: "A party who is prevented from performance is not liable for damages if his full performance was prevented by the other party." Defendants also requested additional language be added to the damages instruction:

> "In either a breach of contract or a breach of warranty (whether express or implied), there are two methods of measuring damages for defects in construction of a house: (1) the cost of repairs required to bring the home into compliance with the warranty or contract, and (2) the difference between the value of the home as warranted or contracted for and its value as actually built.
>
> The "cost of repairs" method is applied when the defects can be corrected without substantial destruction of any part of the home, and the "value" method is applied when a substantial part of what has been done must be undone.
>
> Damages are to be determined as of the date of breach. In a construction defect case, the date of breach is the date the general contractor delivers possession of the home to the owner. In this case, defendant Conleys Creek Limited Partnership, the general contractor, delivered possession of

the Wilson home to the plaintiffs, Jerry Wilson and Doris Wilson, on September 11, 2009.

If you find that the proper measure of damages is the "value" method, then you must find that the plaintiffs are only entitled to nominal damages, because the plaintiffs produced no evidence as to the value of the Wilson home on September 11, 2009.

If you find that the proper measure of damages is the cost of repair method, the damages must be determined with reasonable certainty for each alleged defect as of September 11, 2009. Since plaintiffs produced no evidence of damages for each alleged defect on September 11, 2009, you must then only give nominal damages for each alleged defect."

Defendants contend that each of these requested instructions was supported by evidence. We note that defendants have failed to make any argument with respect to the proposed instruction on breach by non-performance, and this argument is deemed abandoned. N.C. R. App. P. 28(b)(6).

### 1. Prevention of Performance

With respect to the proposed instruction on prevention of performance, defendants contend that the evidence in the record showed that plaintiffs failed to notify defendants of defects, and that as a result defendants, unaware of the defects, were prevented from making necessary repairs. Defendants cite to *Raleigh Paint and Wallpaper Co. v. Rogers Builders, Inc.*, 73

N.C. App. 648, 327 S.E.2d 36 (1985), in support of this argument.

We hold that the facts of *Raleigh Paint* are inapposite. In *Raleigh Paint*, the builder was actively barred entry to the premises. In the instant case, however, defendants do not contend that they were refused entry; rather, they merely contend that plaintiffs failed to notify them of some of the defects. We note that the record contains more than 42 photographs of the alleged defects taken by plaintiffs and submitted to defendants. Jerry Wilson testified as to several conversations he had with Cornblum regarding the alleged defects shown in the photographs; Wilson stated that Cornblum "knew [about the defects]. He saw it. . . . He disregarded it." The evidence in the record suggests that defendants had notice of the alleged defects, not that defendants were denied notice and access.

An instruction on prevention of performance was not supported by the evidence, and the trial court did not err in declining to give the instruction.

## 2. Damages

With respect to the proposed instruction on damages, the trial court instructed the jury:

The plaintiff may also be entitled to recover actual damages. On this issue, the burden of proof is on the plaintiff. This means the plaintiff must prove by the greater weight of the evidence the amount of damages sustained as a result of the breach. A person damaged by a breach of warranty is entitled to be placed, insofar as that can be done by money, in the same position he would have occupied if there had been no breach of the warranty.

In determining the damages, you may award the plaintiff the reasonable costs of repairs necessary to make the Wilson home meet the standard of workmanlike quality prevailing at the time and place of construction. To this amount, add all incidental and consequential damages, if any, sustained by the plaintiff. Incidental and consequential damages include expenditures reasonably made by the plaintiff in preparing to perform the contract, expenditures reasonably made by the plaintiff in response to the defendant's breach, expenditures reasonably made by the plaintiff for the purpose of minimizing the injury resulting from the defendant's breach, and any other loss resulting from the plaintiffs' circumstances of which the defendant knew or should have known at the time of the contracting and which the plaintiff could not reasonably have prevented.

Defendants contend that the trial court was obligated to instruct the jury on both the "cost of repairs" method of damage valuation, which it did, and on the "difference in value" damage valuation, which it did not. Defendants' proposed instruction, which involved the "difference in value" measure of damages, is

found in North Carolina Pattern Jury Instruction 503.21, which

provides that the cost of repairs is to be the primary valuation

of damages, but follows, in relevant part:

> However, if you find that this corrective work would be economically unreasonable to perform under the circumstances, a different measure of damages will apply. . . .
>
> If you find that the corrective work proposed by the plaintiff would be economically unreasonable to perform under these circumstances, then you will determine the plaintiff's direct damages, if any, as follows: First, you will determine the fair market value of the (*describe improvement*) as actually constructed by the defendant on [the date that (*describe events constituting breach*)] [(*specify date*)]. Second, you will determine the fair market value the improvement would have had if it had been constructed in conformity with the requirements of the contract.
>
> . . .
>
> Third, you will subtract the fair market value of the improvement as actually constructed from the fair market value of the improvement as contracted for. [The difference would be the plaintiff's direct damages.] [The difference less any portion of the contract price which the plaintiff has not paid to the defendant would be the plaintiff's direct damages.]
>
> *If, on the other hand, you find that it is not economically unreasonable under the circumstances to perform the corrective work, then the plaintiff would be entitled to recover the reasonable cost of labor and materials (and other costs) necessary to*

> *correct the work to bring the improvement into conformity with the requirements of the contract.)]*

N.C.P.I. Civil 503.21 (emphasis added). The instruction makes clear that "loss in value" damage valuation should be considered only where repairs would be unfeasible.

Defendants cite to cases suggesting that the trial court was nonetheless required to instruct the jury on both methods of damage computation. Defendants cite to *Robbins v. C.W. Meyers Trading Post, Inc.*, 251 N.C. 663, 666-67, 111 S.E.2d 884, 887 (1960), in which our Supreme Court held that, where defendants' evidence showed that the work could be repaired, but plaintiffs' evidence tended to show that a substantial amount of work needed to be undone, both instructions were appropriate to be submitted to the jury. In that case, the Supreme Court remanded for a new trial.

In the instant case, David Day, a general contractor, testified as an expert witness for plaintiffs. Day had inspected plaintiffs' house, and prepared a report. On cross-examination, Day testified that he recommended "a substantial amount of repair work[.]" He specifically testified that repairs would "require a substantial destruction of the [plaintiffs'] home[.]" He went on to testify about areas of the

home that required immediate correction. With respect to repairs to one structural support, for example, he testified that:

> First thing you would do is install temporary support on each side of the column that would support the beam that's supporting the load. Then once you have the load taken off of the column shown in the picture and off of the footing, then what you would do is you would be able to excavate the foundation that's there that's a minimum kind of foundation, and you would put in a new foundation that's 24 inches square and 12 inches deep with reinforcing steel. That's installed at the depth that it needs to be to be on solid soil.

Day's testimony described areas that would require substantial rebuilding and excavation of the house, with an emphasis on the urgency of such repairs. Where the work to be done includes substantial tasks like excavating the existing foundation and building a new one, we hold that it is clear that a substantial amount of the original construction work was required to be undone. Accordingly, we hold that the trial court erred in failing to give the requested instruction on the alternate valuation of damages.

However, despite our holding of error, defendants still have the burden of showing that this error prejudiced a substantial right. N.C. R. Civ. P. 61; *see also Word v. Jones*,

350 N.C. 557, 565, 516 S.E.2d 144, 148 (1999) (holding that "erroneous jury instructions are not grounds for granting a new trial unless the error affected a substantial right").

Defendants contend on appeal that they were prejudiced by the fact that the jury was unable to consider each category of defect as a separate issue. As we held in section II of this opinion, it was not error for the trial court to decline to instruct the jury on each issue separately; we hold that defendants were not prejudiced in this manner. Defendants do not allege any other substantial right or source of prejudice. Accordingly, pursuant to Rule 61 of the North Carolina Rules of Civil Procedure, we hold the trial court's error in declining to issue the requested instruction on damages was harmless.

This argument is without merit.

NO PREJUDICIAL ERROR.

Judges ELMORE and INMAN concur.

Report per Rule 30(e).