An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-942

Filed 17 September 2025

Mecklenburg County, No. 22CRS204742-590

STATE OF NORTH CAROLINA

       v.

THOMAS SOCKWELL MURRAY

Appeal by Defendant from Judgment entered 5 December 2023 by Judge Karen Eady-Williams in Mecklenburg County Superior Court. Heard in the Court of Appeals 10 June 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Mary W. Scruggs, for the State.*
>
> *Thomas, Ferguson & Beskind, LLP, by Kellie Mannette, for Defendant-Appellant.*

HAMPSON, Judge.

## **Factual and Procedural Background**

Thomas Sockwell Murray (Defendant) appeals from a Judgment entered upon a jury verdict finding him guilty of Violating a Domestic Violence Protective Order. The Record before us, including evidence presented at trial, tends to reflect the following:

Defendant shares a child with Angelique Robinson. On 11 May 2021, Robinson obtained a Domestic Violence Order of Protection (DVPO) against Defendant. The DVPO prohibited Defendant from having any contact with Robinson, and further ordered that Defendant shall not "assault, threaten, abuse, follow, harass (by telephone, visiting the home or workplace, or other means), or interfere with" Robinson or the minor child. The DVPO was effective through 24 March 2022. Additionally, Robinson was granted custody of the minor child, and Defendant was granted supervised visitation. Visits were to be held at the home of Defendant's father.

On 13 February 2022, Robinson dropped the minor child off at the home of Defendant's father for a regular visit. In addition to handing off the child, Robinson also left the child's diaper bag. Later that evening, after picking up the child and returning home, Robinson received an alert on her phone indicating that an Air Tag was traveling with her. She discovered the Air Tag inside the diaper bag. The Air Tag was labeled with the letters "TSM," which Robinson recognized as Defendant's initials. Robinson called 9-1-1.

The following day, a warrant was issued for Defendant's arrest on the basis Defendant had violated the DVPO "by placing an Apple Air Tag in the minor child's diaper bag[.]" Defendant was tried and convicted in Mecklenburg County District Court. Defendant appealed his conviction to Superior Court.

The case came on for trial on 28 November 2023. At trial, Officer Shane Philpott, the officer who responded to Robinson's 9-1-1 call and has investigatory experience involving Air Tags, testified an Air Tag provides "a live ping[,]" which "would show where that particular item is currently[.]" Defendant's father testified that, approximately one to two weeks prior to the incident in question, Defendant had indicated he was "considering getting an AirTag and putting it in [the minor child's] bag or some of [the minor child's] possessions, so that he could keep track of where she was." Defendant's father further testified that, after Robinson found the Air Tag in the diaper bag, he asked Defendant if Defendant had put the Air Tag there; Defendant responded, "Oh, shit. Yes."

At the close of the State's evidence, Defendant moved to dismiss the charge. The trial court denied this Motion. Defendant renewed his Motion to Dismiss after declining to put on evidence. The trial court again denied the Motion.

During the charge conference, Defendant requested the trial court "reword" the pattern jury instruction as to the second element of the offense. Defendant requested the trial court instruct the jury it must find:

> The defendant placed an Apple AirTag in the diaper bag, and that this conduct violated . . . the valid domestic violence protective order.

The trial court declined this request and instructed the jury according to the pattern instruction.

On 30 November 2023, the jury returned a verdict finding Defendant guilty of Violating a Domestic Violence Protective Order. The trial court entered Judgment[1] consistent with the verdict and sentenced Defendant to 45 days of incarceration. The sentence was suspended, and Defendant was placed on twelve months of unsupervised probation. Defendant gave oral notice of appeal in open court.

## Issues

The issues on appeal are whether the trial court erred by: (I) denying Defendant's Motions to Dismiss; and (II) refusing to give Defendant's requested jury instruction.

## Analysis

I.  Motions to Dismiss

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007) (citation omitted). "Upon [a] defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a

---

[1] The Judgment was not filed until 5 December 2023.

conclusion." *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984) (citation omitted). "If the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion [to dismiss] should be allowed." *Fritsch*, 351 N.C. at 378, 526 S.E.2d at 455 (citation omitted). However, "[i]f there is more than a scintilla of competent evidence to support the allegations in the warrant or indictment, it is the court's duty to submit the case to the jury." *State v. Horner*, 248 N.C. 342, 344-45, 103 S.E.2d 694, 696 (1958) (citation omitted).

"In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994) (citation omitted). "Whether the State has offered such substantial evidence is a question of law for the trial court." *State v. McKinney*, 288 N.C. 113, 119, 215 S.E.2d 578, 583 (1975) (citations omitted).

"The trial court's function is to determine whether the evidence allows a '*reasonable inference*' to be drawn as to the defendant's guilt of the crimes charged." *State v. Earnhardt*, 307 N.C. 62, 67, 296 S.E.2d 649, 652 (1982) (emphasis in original) (quoting *State v. Thomas,* 296 N.C. 236, 244-45, 250 S.E.2d 204, 209 (1978)). "In so doing the trial court should only be concerned that the evidence is

sufficient to get the case to the jury; it should not be concerned with the weight of the evidence." *Id.* (citation omitted).

Defendant argues the trial court erred in denying his Motions to Dismiss the charge of Violating a Domestic Violence Protective Order. The elements of the offense at issue are: "(1) there was a valid domestic violence protective order, (2) the defendant violated that order, and (3) did so knowingly." *State v. Williams*, 226 N.C. App. 393, 406, 741 S.E.2d 9, 19 (2013) (citing N.C. Gen. Stat. § 50B-4.1 (2008)); *see also* N.C. Gen. Stat. § 50B-4.1 (2023). On appeal, Defendant challenges the denial of his Motions to Dismiss solely with respect to the second element of the offense: whether there was sufficient evidence he violated the DVPO.

Defendant argues "placing an AirTag in a diaper bag is insufficient evidence of a DVPO violation." In support of his argument, Defendant cites N.C. Gen. Stat. § 14-196.3. Section 14-196.3 criminalizes "cyberstalking" and makes it unlawful to "[k]nowingly install, place, or use an electronic tracking device without consent[ ] . . . to track the location of any person." N.C. Gen. Stat. § 14-196.3(b)(5) (2023). A parent or legal guardian of a minor is excepted from punishment under the statute "when the electronic tracking device is installed, placed, or used to track the location of that minor[,] *unless the parent or legal guardian is subject to a domestic violence protection order under Chapter 50B of the General Statutes*[.]" *Id.* § 14-196.3(b)(5)(h) (2023) (emphasis added).

- 6 -

First, we note Defendant was not charged with Cyberstalking; thus, his culpability under Section 14-196.3 is ultimately irrelevant to our analysis in the case *sub judice*. Moreover, contrary to Defendant's assertion, Section 14-196.3 tends to suggest placing a tracking device—such as an Air Tag—on a person without their consent *is* conduct which violates a DVPO. Indeed, by specifically excluding parents subject to a DVPO from the exception found in Subsection 14-196.3(b)(5)(h), the General Assembly clearly demonstrated an intent to punish the conduct at issue when taken by parents subject to a DVPO.

Defendant further contends there was insufficient evidence he violated the DVPO because there was allegedly no evidence he "accessed information from the AirTag." This argument is also unavailing. "[T]he only question before us in an appeal from the denial of a motion to dismiss is whether a reasonable juror *could* have concluded that the defendant was guilty based on the evidence presented by the State. If so, even if the case is a close one, it must be resolved by the jury." *State v. Watkins*, 247 N.C. App. 391, 396, 785 S.E.2d 175, 178 (2016) (emphasis in original) (citing *State v. Franklin*, 327 N.C. 162, 170, 393 S.E.2d 781, 786-87 (1990)) (second citation omitted). "If there is any evidence tending to prove guilt or which reasonably leads to this conclusion as a fairly logical and legitimate deduction, *it is for the jury* to say whether it is convinced beyond a reasonable doubt of defendant's guilt." *Franklin*, 327 N.C. at 171-72, 393 S.E.2d at 787 (emphasis added) (citing *State v. Batts*, 269 N.C. 694, 153 S.E.2d 379 (1967)); *see also State v.*

*Locklear*, 322 N.C. 349, 358, 368 S.E.2d 377, 383 (1988) ("If there is substantial evidence—whether direct, circumstantial, or both—to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied." (citation omitted)).

Here, the uncontradicted evidence adduced at trial showed that an Air Tag belonging to Defendant had been placed in the minor child's diaper bag without Robinson's knowledge, and Defendant had admitted to placing the Air Tag in the diaper bag. Additionally, Officer Philpott testified the Air Tag emits a "live ping" which shows "where that particular item is currently[.]" This is substantial evidence from which the jury could find Defendant followed Robinson. Thus, viewed in the light most favorable to the State and giving the State the benefit of every reasonable inference, there was substantial evidence Defendant violated the DVPO. *See Rose*, 339 N.C. at 192, 451 S.E.2d at 223. Therefore, the trial court properly denied Defendant's Motions to Dismiss.

II.    Special Instruction

Defendant argues the trial court's refusal to give his requested jury instruction was error. Defendant contends that, by declining to adopt his special instruction, the trial court "invaded the province of the jury and precluded them from finding that the action violated the DVPO."

As a threshold matter, we address the State's contention that Defendant failed to preserve his objection to the jury instructions by not submitting his request for

special instructions to the trial court in writing. In *State v. Young*, cited by the State in support of its argument, this Court noted " 'a trial court's ruling denying requested instructions is not error where the defendant fails to submit his request for instructions in writing.' " 294 N.C. App. 518, 525, 903 S.E.2d 460, 466 (2024) (quoting *State v. McNeill*, 346 N.C. 233, 240, 485 S.E.2d 284, 288 (1997)); *see also State v. Martin*, 322 N.C. 229, 237, 367 S.E.2d 618, 623 (1988) ("The defendant in this case did not submit his request for instructions in writing. We hold it was not error for the court not to charge on this feature of the case.").

However, the Court in *Young* ultimately went on to address the defendant's substantive arguments as to his requested jury instructions—even though the defendant had not submitted his request to the trial court in writing. *See* 294 N.C. App. at 528-31, 903 S.E.2d at 467-69. Indeed, this Court has explained:

> Where a requested instruction is not submitted in writing and signed pursuant to [N.C.] G.S. [§] 1-181, it is within the discretion of the [trial] court to give or refuse such instruction. Defendant does not contest that his request for a special instruction was made orally; accordingly, our standard of review is abuse of discretion. If we find the trial court abused its discretion, defendant is entitled to a new trial only if there is a reasonable probability that, had the abuse of discretion not occurred, a different result would have been reached at trial.

*State v. Mewborn*, 178 N.C. App. 281, 292, 631 S.E.2d 224, 231 (2006) (alterations in original) (quotation marks and citations omitted). Accordingly, we will address Defendant's arguments as to his requested jury instruction despite his failure to submit them to the trial court in writing.

"A request for a special instruction which deviates from the pattern jury instruction qualifies as a special instruction." *Young*, 294 N.C. App. at 524, 903 S.E.2d at 465 (citations omitted). "It is a well-established principle in this jurisdiction that in reviewing jury instructions for error, they must be considered and reviewed in their entirety." *Murrow v. Daniels*, 321 N.C. 494, 497, 364 S.E.2d 392, 395 (1988) (citing *Gregory v. Lynch*, 271 N.C. 198, 203, 155 S.E.2d 488, 492 (1967)).

> "A specific jury instruction should be given when (1) the requested instruction was a correct statement of law and (2) was supported by the evidence, and that (3) the instruction given, considered in its entirety, failed to encompass the substance of the law requested and (4) such failure likely misled the jury."

*Outlaw v. Johnson*, 190 N.C. App. 233, 243, 660 S.E.2d 550, 559 (2008) (quotation marks and citations); *cf. State v. Carwile*, _ N.C. App. _, _, 909 S.E.2d 913, 923-25 (2024) (applying that standard).

"[T]he trial court is not required to give a requested instruction in the exact language of the request." *State v. Green*, 305 N.C. 463, 476-77, 290 S.E.2d 625, 633 (1982) (citation omitted). Rather, "if a 'request be made for a special instruction, which is correct in itself and supported by evidence, the court must give the instruction at least in substance.' " *State v. Lamb*, 321 N.C. 633, 644, 365 S.E.2d 600, 605-06 (1988) (quoting *State v. Hooker*, 243 N.C. 429, 431, 90 S.E.2d 690, 691 (1956)). "Even if a trial court abuses its discretion in denying such a request, a defendant 'is entitled to a new trial only if there is a reasonable probability that, had the abuse of discretion not occurred, a different result would have been reached at trial.' " *Young*,

294 N.C. App. at 528, 903 S.E.2d at 467-68 (quoting *Mewborn*, 178 N.C. App. at 292, 631 S.E.2d at 231).

Further, this Court has repeatedly affirmed that " 'the preferred method of jury instruction is the use of the approved guidelines of the North Carolina Pattern Jury Instructions.' " *Henry v. Knudsen*, 203 N.C. App. 510, 519, 692 S.E.2d 878, 884 (2010) (quoting *In re Will of Leonard*, 71 N.C. App. 714, 717, 323 S.E.2d 377, 379 (1984)). Pattern instructions "provide the jury with an understandable explanation of the law[,]" *Carrington v. Emory*, 179 N.C. App. 827, 829, 635 S.E.2d 532, 534 (2006) (citation omitted), and using them is "the preferred manner of instructing the jury on all issues." *State v. Coleman*, 254 N.C. App. 497, 505, 803 S.E.2d 820, 826 (2017) (citing *Knudsen*, 203 N.C. App. at 519, 692 S.E.2d at 884). Moreover, departures from pattern instructions can nonetheless provide an accurate statement of the law. *See id.*

The pattern instruction at issue provides the State must prove three things beyond a reasonable doubt:

> First, that a valid domestic violence protective order was issued on (name date) in (name court) [pursuant to North Carolina law][.] Second, that the defendant violated the valid domestic violence protective order by (*describe conduct that would constitute a violation of the order*). And Third, that the defendant did so knowingly.

N.C.P.I.—Crim. 240.50 (emphasis in original). Accordingly, the trial court instructed the jury that in order to find Defendant guilty, it must find:

> First, that a valid domestic violence protective order was issued on May 11th, 2021, in Mecklenburg County district court, pursuant to North Carolina law. *Second, that the defendant violated the valid domestic violence protective order by placing an Apple AirTag in the minor child's diaper bag.* And, third, that defendant did so knowingly.

(emphasis added). Defendant takes issue only with the trial court's instruction on the second element of the offense.

Even assuming Defendant's requested instruction was an accurate statement of the law, his instruction was substantively given. *See Lamb*, 321 N.C. at 644, 365 S.E.2d at 605-06 (explaining the trial court does not need to give a requested instruction verbatim if it gives the instruction in substance). Defendant argues the trial court should have instructed the jury to find "the defendant placed an Apple AirTag in the shared child's diaper bag and that this conduct violated the valid domestic violence protective order." The requested instruction, in substance, asks the jury to find that his conduct violated the DVPO. The jury received such an instruction. Indeed, the trial court instructed the jury it must find "the defendant violated the valid domestic violence protective order by placing an Apple AirTag in the minor child's diaper bag."

Further, the jury was instructed that if it did not find or had reasonable doubt that Defendant knowingly violated the DVPO, it was required to return a verdict of not guilty. As such, contrary to Defendant's assertion, the trial court's instructions did not remove the jury's role in determining whether Defendant's conduct

constituted a violation of the DVPO; rather, it expressly conditioned his guilt on that very finding.

Here, the trial court's instructions fully communicated to the jury that it could not find Defendant guilty unless it found the specific act of placing the Air Tag in the diaper bag violated the DVPO. Thus, even were Defendant entitled to his requested instruction, it was substantively given. *See Lamb*, 321 N.C. at 644, 365 S.E.2d at 605-06 (citation omitted). Therefore, the trial court did not err by declining to instruct the jury in the exact language of Defendant's requested instruction. Consequently, the trial court did not err in its jury instructions. In turn, the trial court did not err in entering Judgment upon the jury verdict.

## **Conclusion**

Accordingly, for the foregoing reasons, we conclude there was no error in Defendant's trial and affirm the Judgment.

NO ERROR.

Judges STROUD and GORE concur.

Report per Rule 30(e).